THE SAVINGS BANK OF HANNIBAL, *Plaintiff in Error*, v. HUNT.

1. **Savings Banks**: POWER TO REQUIRE CASHIER TO GIVE BOND. Any savings bank may enact a by-law requiring its cashier to give bond for the faithful performance of the duties of his office. Such enactment would be but a reasonable exercise of the power conferred by statute on all corporations, of making by-laws, not inconsistent with existing law, for the management of their property, the regulation of their affairs, etc. Wag. Stat., p. 289, § 1.

2. **Cashier's Bond**: NON-LIABILITY OF SURETIES AFTER RE-ELECTION. One H. gave bond as cashier of a savings bank. The bond was silent as to the term of his office, and as to the period for which the sureties were to be liable thereon. A statute in force at the time made the term of the cashier and other officers of such banks "one year, and until their successors are duly elected and qualified." The statute prescribed no qualification for a cashier except that he should be a member of the board of directors. A by-law did, however, require him to give bond for the faithful performance of his duties. H. was re-elected cashier at two successive annual elections, and continued to discharge the duties of the office, but gave no new bond. During the third year of his cashiership he became defaulter. *Held*, that his sureties were not liable for the defalcation. The bond was not in force when it occurred. See *Long v. Seay, infra*, p. 648.

*Error to Hannibal Court of Common Pleas.*—HON. JOHN T. REDD, Judge.

AFFIRMED.

*James Carr* and *J. L. Robards* for plaintiff in error.

1. The bond was intended to secure the plaintiff in the faithful performance of the duties of the office of cashier so long as Hunt should hold that office. *Sparks v. Farmers Bank*, 9 Am. L. Reg. (N. S.) 365; *Treasurers v. Lang*, 2 Bailey (S. C.) 430; *Daly v. Commonwealth*, 75 Pa. St. 331; *Oswald v. Mayor of Berwick*, 5 H. L. Cases 856; *Butler v. State*, 20 Ind. 169; *State v. Berg*, 50 Ind. 496; *Akers v. State*, 8 Ind. 484; *Spencer v. Champion*, 9 Conn. 536; *Thompson v. State*, 37 Miss. 518; *Middlesex Man. Co. v. Lawrence*, 1 Allen 339; *Dedham Bank v. Chickering*, 3 Pick. 335; *Mayor, etc., of Berwick v. Oswald*, 3 El. & Bl. 653; *Amherst Bank v.*

*Root,* 2 Met. 522; *Placer Co. v. Dickerson,* 45 Cal. 12; *Chairman of Com. Schools v. Daniel,* 6 Jones (N. C. L.) 444; *Supervisors v. Kaime,* 39 Wis. 474.

2. The bond is sufficient under the 3rd section of the 6th article of chapter 37 of Wagner's Statutes, page 330, to hold the surety bound, so long as there was no successor to Hunt, properly qualified. It expressly provides that the president, cashier and secretary " shall hold their office for one year, and until their successors are duly elected and qualified." There was no successor ever elected and qualified by giving bond as required by the by-law. His election by the directors of the plaintiff in 1872, and again in 1873, did not vest him with the office. It was a mere offer on one side. It should have been accepted on the other side by qualifying as the by-law required. This never was done. *State v. Lusk,* 18 Mo. 333; *State v. Auditor,* 38 Mo. 192; *State v. Hixon,* 41 Mo. 211; *State v. Jenkins,* 43 Mo. 261; *Commonwealth v. Hanley,* 9 Barr 513; *Butler v. State,* 20 Ind. 169; *State v. Berg,* 50 Ind. 496.

3. The by-law requiring the cashier to give bond " conditioned for the faithful performance and discharge of the duties of his office," was valid and binding upon the surety. The taking of the bond in question was only exercising the power conferred on the board of directors. Wag. Stat., § 3, p. 330. It was not necessary that the stockholders should, at a stockholders' meeting, called for that purpose, ordain and establish, or even ratify this by-law in order to give it validity.

*Harrison & Foreman* for defendant in error.

We think it clear that the sureties on the bond were only bound by its terms for the year 1871, for which said Hunt was elected, and for a reasonable length of time after his re-election in 1872 to enable him to give a new bond. This is the fullest extent to which the authorities go. But in this case the defalcation did not occur until after the

second re-election, thus making a whole term intervene between the time for which the bond was given, and the one in which the defalcation occurred. Suppose some other person had been elected for the second year and served without giving bond, and then Hunt had been elected and served for the year 1873, and defaulted without a bond, it would not be claimed that the sureties in the bond in suit would be bound for such defalcation, and yet where would be the legal difference between the obligations of the sureties on the bond in the case at bar and the one supposed? *Harris v. Babbitt*, 4 Dill. 185; *Moss v. State*, 10 Mo. 338; *Bigelow v. Bridge*, 8 Mass. 275; *Chelmsford Co. v. Demarest*, 7 Gray 1; *Inhabitants of Rochester v. Randall*, 105 Mass. 295; s. c., 7 Am. 519 and note; *Mayor, etc., of Rahway v. Crowell*, 40 N. J. L. 207; s. c., 29 Am. 224; *Citizens Loan Association v. Nugent*, 40 N. J. L. 215; s. c., 29 Am. 230; *Dover v. Twombly*, 42 N. H. 59; *Welch v. Seymour*, 28 Conn. 387; *Mutual Loan & Bldg. Asso. v. Price*, 16 Fla. 204; s. c., 26 Am. 703.

HENRY, J.—This is a suit on a bond executed by William A. Hunt, as principal, and C. O. Godfrey and Josiah Hunt, as his securities. In January, 1871, William A. Hunt was appointed, by plaintiff's board of directors, cashier of the bank, for the term of one year, and until his successor should be duly elected and qualified. The bond was required, not by the act under which the company was incorporated, but by a by-law of the company. The penalty of the bond was $20,000, and the condition was for the faithful discharge of his duties by Hunt, as cashier.

The bond was silent as to the term of office, and as to the period of time for which the obligors were to be liable thereon. Hunt was a defaulter, and his defalcations occurred between January, 1872, and the 6th day of January, 1874, after the expiration of one year from the date of his first appointment. The answer of the administrator was a general denial, and Godfrey pleaded his discharge in

bankruptcy. A jury was waived, and on a trial by the court, there was a verdict and judgment for defendants, from which plaintiff has appealed.

Except with respect to the appointment of a successor to Wm. A. Hunt, as cashier, after one year from the 3rd day of April, 1871, the allegations of the petition were proved as alleged, and on that point the evidence was to the effect, that in January, 1872, said Hunt was re-appointed cashier, and again in January, 1873, but never gave any bond as such, except the one in suit, and continued to act as such from the date of his first appointment until the 6th day of January, 1874. The instructions were numerous, but without inserting them, it may be stated briefly, that on the facts the court held that the securities were not liable, and that is the only question to be considered. Section 3 of, the article in relation to savings banks, Wagner's Statutes, 330, under which plaintiff was incorporated, provides that: "The affairs and business of any such association shall be managed and controlled by a board of directors, not less than five nor more than thirteen in number, from whom there shall be designated by themselves a president, cashier and secretary, who shall hold their office for one year, and until their successors are duly elected and qualified." No qualifications of cashier, except membership in the board are prescribed in that chapter, but they are to be found in the by-laws of the company.

By the 6th clause of section 1, Wagner's Statutes, 289, every corporation has power to make by-laws, not inconsistent with existing law, for the management of its property, the regulating of its affairs and the transfer of its stock. The 4th by-law of the plaintiff was as follows: "The cashier shall be responsible for all the money, funds and valuables of the bank, and shall be custodian thereof, and shall give bond with security, in the sum of $20,000, to be approved by the board, conditioned for the faithful discharge of the duties of his office," etc. This by-law is reasonable, and

1. SAVINGS BANKS: power to require cashier to give bond.

within the scope of the power conferred by section 1, *supra*.

The doctrine now well settled in this State is, that an officer elected or appointed to hold for a definite period of time and until his successor shall be duly elected and qualified, holds his office for the specified term, and if no successor be elected or appointed at the expiration of the time, his term of office continues until such appointment or election, and that the time during which he holds, after that specified time has expired and until a successor is elected and qualified, is as much a part of his term of office as the preceding time. *State v. Lusk*, 18 Mo. 333; *State v. The Auditor*, 38 Mo. 193. The bond being silent on the subject, reference must be had to the law under which Hunt was appointed, to ascertain the liability of the sureties with respect to the time it should continue. They are presumed to have known that the tenure of his office, by the general law, not the by-law, was one year, and as much longer as the company should fail to appoint a successor. Their obligation is for his discharge of the duties of cashier for one year, if at the expiration of that time a successor should be appointed, and for one year and such additional time as should elapse thereafter before a successor was appointed. The same policy which in case of public officers continues the incumbent in office until a successor is appointed, keeps alive the bond for the same period. Hence, if there had been no election of a successor to Hunt, in this case, the liability of the sureties would be unquestionable under our decisions.

2. CASHIER'S BOND: non-liability of sureties after re-election.

In some of the states the contrary is held. Many of the cases are cited by Judge Dillon in his opinion in *Harris v. Babbitt*, 4 Dill. Cir. Ct. 191; among them *Moss v. The State*, 10 Mo. 333, also cited as sustaining that view in *Dover v. Twombly*, 42 N. H. 68, but with due deference to the learned judge and the supreme court of New Hampshire, the *State v. Moss* is not an authority for the doctrine

it is cited to support.   The act under which the bond sued
on there was given, made the sheriff *ex-officio* collector for
two years, but he was required to give bond, as collector,
annually, and his office declared vacant if he failed to give
it.   R. S. 1835, p. 536, §§ 1, 2, 3.   But whether the one or
the other doctrine be correct, in regard to public officers,
this case, as was held by Dillon, J., in *Harris v. Babbitt*, is
distinguishable from those involving the liability of securi-
ties for public officers.   The office of cashier of a bank is
a private office, not created for the good of the public or
to subserve the public interests, but the private ends of the
owners of its stock.   The bank is a private enterprise,
which is by law incorporated for the benefit of the parties
interested peculiarly and as a matter of grace on the part
of the State.

Did the appointment of Hunt to be his own successor
and his continuance as cashier without giving a new bond,
exonerate defendants from liability on the bond in ques-
tion?   We are all of opinion that it had that effect.   It
was the same as if another person had been appointed in
his stead, and without giving the bond required, had en-
tered upon the discharge of the duties of the office, with
the assent of the board.   The bond was required for the
benefit of the bank.   The statute under which the bank
was incorporated, required no bond as a qualification of
its cashier.   The plaintiff could require it or not, and after
the by-law was adopted the bank could have dispensed
with it, as well in Hunt's case as in the case of another
appointed in his stead.   Hunt was appointed in 1872 and
again in 1873, and on both occasions plaintiff either ex-
cused him from giving the bond, or by negligence, failed
to take it, and cannot now turn upon these securities and
hold them liable on their bond, because the plaintiff neg-
lected to discharge its duty, or expressly excused Hunt in
1872 from executing another bond.   He was in office, after
his appointment in 1872, not by virtue of his appointment
in 1871, but under a new appointment; and again in 1873

he was re-appointed and no bond taken. If the bank considered him still in office under the first appointment after he was appointed in 1872, why go through the idle ceremony of again formally appointing him in 1873 without requiring a bond? The position of the bank now is that, admitting his appointment in 1872 and again in 1873, yet as it permitted him to continue to discharge the duties of the office without requiring a new bond, he was not in office under either of the last two appointments. If another person had been appointed in 1872, and, with the assent of the plaintiff, without giving the bond, assumed to act as cashier, it would surely not be contended, either that Hunt would have had any rightful claim to the office, or that the bank could have repudiated any of the acts of such successor which its cashier was authorized to perform? If not, it must be because an appointment by the board and assumption of the duties of the office by such person, with their assent, is sufficient to invest him with the office, although he may have failed to give the required bond. The principal question involved here was before the circuit court of the United States for the western district of Missouri, in *Harris v. Babbitt*, and Judge Dillon held that the securities in that case, in all of its essential facts analagous to this, were not liable. 4 Dill. C. C. 186. The judgment of the circuit court is affirmed. All concur.