State ex rel. McIntosh, County Attorney, v. Perkins.

of the court should have defined the measure of plaintiff's damages to be the value of the property destroyed by the waters, the loss of rent resulting from his buildings being vacated for the period they were vacated, and the loss of rents occasioned by depreciation in the rental or usable value of the property accruing up to the time of the bringing of this action.

The judgment of the trial court is reversed and the cause remanded.

WILLIAMS, KANE, and DUNN, JJ., concur; TURNER, J., not participating.

---

STATE *ex rel.* McINTOSH, *County Attorney,* v. PERKINS.

No. 4042.   Opinion Filed January 21, 1913.

(129 Pac. 730.)

1. **MUNICIPAL CORPORATIONS** — Councilmen. Under the provisions of chapter 136, p. 316, Sess. Laws 1910-11, and the acts of which the same is an amendment, two councilmen. are provided for each ward in all cities of the first class.

2. **SAME**—Unexpired Term. Where no election is held at the time fixed by law, a city councilman, appointed to fill an unexpired term, holds until his successor is duly elected and qualified.

(Syllabus by the Court.)

*Error from District Court, Bryan County;*
*A. H. Ferguson, Judge.*

*Quo warranto* by the State on relation of J. T. McIntosh, county attorney, against T. J. Perkins, counsel of the city of Durant. Judgment for defendant, and plaintiff brings error. Affirmed.

*J. T. McIntosh,* in *pro. per.*

*S. H. Kyle,* for defendant in error.

DUNN, J.   This case presents error from the district court of Bryan county, and is an action in the nature of *quo warranto,* brought for the purpose of ousting the defendant in error, T. J. Perkins, from the office of councilman of the second ward of the city of Durant. Plaintiff in error, as plaintiff, stated in his peti-

tion that the city of Durant was a city of the first class, and had been since statehood; that it contained four wards, and that T. J. Perkins and J. A. Moore were acting as councilmen from ward No. 2 thereof; that the said J. A. Moore was duly elected at the April, 1911, election, and that T. J. Perkins was appointed by the city council of the said city on the 27th day of September, 1911, to fill the unexpired term of B. A. McDaniel, who was duly elected in May, 1910; that no election was held for the selection of councilmen in the said city on the first Monday in May, 1912; and that said defendant in error had not been elected or appointed to fill the office now occupied by him since the date of his original appointment, and that the city of Durant had held several municipal elections since statehood, at which councilmen were elected. To the petition, defendant filed a general demurrer which, on consideration by the court, was sustained, and, from the judgment entered, this appeal has been prosecuted.

In this court, counsel for plaintiff in error insist that, if the city of Durant has held no election since statehood, it would be entitled to eight councilmen instead of four; but that in view of the fact that elections had been held at which councilmen had been elected, under the provisions of chapter 136, p. 316, Sess. Laws 1910-11, the number of councilmen in cities of the first class was limited to four instead of eight. And it is also argued that the defendant in error could not continue to hold under the appointment which he had, because he was appointed to fill only the unexpired term, which ended the first Monday in May, 1912. In neither of these contentions are we able to agree.

In order to fully understand the force and effect of the act cited and relied upon by plaintiff in error, it is necessary to consider the previous acts and their amendments. The Legislature of 1909, in an act approved March 13, 1909, Sess. Laws 1909, p. 262, art. 2, c. 16, provided for elections in cities, towns, and villages of the state; the manifest purpose of which act being to make uniform, in cities of the state located in the different portions thereof, formerly known as Oklahoma and Indian Territories, the election and number of city officials. This act was afterwards amended by an act approved March 24, 1910, c.

92, p. 178, Sess. Laws 1910. In this act, and under section 1 thereof, there is a provision validating and legalizing acts of those members of administrative boards of cities and villages where two members from each ward had not been previously elected, as provided for by Sess. Laws 1909, *supra*. This same proviso is contained in chapter 136, p. 396, Sess. Laws 1910-11, upon which plaintiff in error relies, manifesting an intent throughout all of this legislation that, in the different wards in the cities of the first class, two councilmen should be elected. The different acts, as amended and as finally completed, cover several pages of the Session Laws, and it is ·not deemed necessary, for the consideration of this case, to set them out at length; but a careful reading and consideration of the terms and purposes of the legislation, covering this entire subject, leaves no doubt of the intent of the Legislature in reference thereto, and we therefore hold, in accord therewith that, in cities of the first class under these acts, each ward is entitled to two councilmen.

On the other question, it appears T. J. Perkins, defendant in error, was appointed September 27, 1911, to fill the unexpired term of B. A. McDaniel, who was elected in May, 1910. Counsel's insistence on this point is that, in view of the fact that B. A. McDaniel's term would have expired in May, 1912, and that the city held no election at that time, therefore the defendant's term expires of that date. Counsel have cited no authorities on this question, but an investigation thereof convinces us that defendant in error accepted his appointment just as his predecessor accepted his election, and that he holds the office under his appointment, until his successor is elected and qualifies, notwithstanding the fact that an election provided for by the statute may have failed in being held.

A case very much in point on this proposition is that of *People v. Hardy*, 8 Utah, 68, 29 Pac. 1118. In this case it appeared that under section 2018, Comp. Laws of Utah 1888, there was a provision that the qualified electors should in 1878, and biennially thereafter, elect a collector for each county whose term of office should be for two years, or until his successor was elected and qualified. Under section 2020, *Id.*, it was pro-

State ex rel. McIntosh, County Attorney, v. Perkins.

vided that, in case the said office became vacant, the county court should have the power to fill such vacancy by appointment until the next general election. In 1886 the county court, acting under this provision, appointed the defendant to fill a vacancy in the office of collector; and, at elections held in 1887 and 1889, this appointee, whose name was upon the ticket, was voted for and declared elected to the said office. No election was held in 1888 or in 1890, and, on *quo warranto* being brought to challenge his right to hold the office, the Supreme Court of Utah held that the elections for this office, held in 1887 and 1889, were nullities, and that, as no elections were held at the time fixed by law, the incumbent held under his appointment. The court, discussing the case, says:

"There can be no actual vacancy as long as the rightful occupant continues to hold office—that is, until death, resignation, removal, or some legal disability occurs. This provision is a proper one, and is so provided in order that vacancies in office may not occur from a failure of the people to elect at the regular general election fixed by the statute for that purpose. The result necessarily follows that a failure to elect at a period fixed by the statute creates no vacancy in the office, but imposes a right and a duty upon the incumbent to continue in office until his successor is legally elected and qualified; and this right falls upon the incumbent the same, whether appointed or elected. In other words, a person appointed to fill a vacancy in the office of collector can only be superseded by one who is duly elected, the person so appointed continuing to hold office in the same manner as if he were originally the incumbent; and his term of office will not expire until he is suspended by death, resignation, removal, or some other legal disability occurs, or until his successor is duly elected and qualified."

This case has been approvingly cited and followed in the following cases: *State ex rel. v. Elliott*, 13 Utah, 471, 45 Pac. 346; *State ex rel. v. Henderson*, 4 Wyo. 535, 35 Pac. 517, 22 L. R. A. 751; *State ex rel. v. Acton*, 31 Mont. 37, 77 Pac. 299; and *State ex rel. v. Schroeder*, 79 Neb. 759, 113 N. W. 192.

From the foregoing, it follows that the judgment of the trial court must be affirmed.

HAYES, C. J., and WILLIAMS and KANE, JJ., concur; TURNER, J., absent, and not participating.