## ALLISON v. MASSEY.

No. 15007—Opinion Filed March 3, 1925.

Rehearing Denied April 7, 1925.

(Syllabus.)

**1. Counties—Tenure of Office.**

A statute which provides that certain county and municipal officers shall be elected for a period of two years and "until their successors are elected and qualified" finds no inhibition in the Constitution of this state.

**2. Same—County Commissioners.**

Under chapter No. 203, Session Laws of Oklahoma 1917 (Comp. Stat. 1921, section 5735), members of the boards of county commissioners of the state are elected each two years, and when qualified hold office until their successors are elected and qualified, and under this provision that part of

the term which on certain contingencies may be filled, which is designated in the statute as "until his successor is elected and qualified," is as much a part of the term of office as the two-year period specifically mentioned.

**3. Same—Death of Commissioner Elect — Holding Over by Incumbent.**

Where a member of the board of county commissioners is duly elected as provided by law, but departs this life before he qualifies, and before the time arrives for his assuming the duties of the office to which he is elected, the term of the incumbent continues, and there is no authority of law for the Governor to appoint a successor to the person who died.

**4. Same—Invalidity of Appointment.**

Under the facts stated in syllabus No. 3, and under the facts in this case, there was no vacancy on the board of county commissioners from district No. 2 of Johnston county, within the meaning of sections 127 and 132, Comp. Stat. 1921, at the time defendant was appointed, and the appointment by the Governor of appellant, did not give him the right to the office.

**5. Officers—Injunction — Interference with Officer by One Claiming Office.**

A person lawfully holding a public office has a right to invoke the remedy of injunction to protect him from interference in the exercise of his functions as the holder of such office, against one who claims he has a right to such office. If the person who lays claim to the office already held by another sees fit to litigate his right thereto, he has his remedy at law. In the instant case the judgment of the trial court is affirmed.

Error from District Court, Johnston County; J. H. Linebaugh, Judge.

Injunction by Joe B. Massey against Ben Allison. Judgment for plaintiff, and defendant brings error. Affirmed.

Cornelius Hardy, George F. Short, Atty. Gen., and M. W. McKenzie, Asst. Atty. Gen., for plaintiff in error.

George Trice, Denver Davison, and Ratliff & Ratliff, for defendant in error.

BRANSON, V. C. J. One T. O. Wagner was elected from district No. 2, as a member of the board of county commissioners of Johnston county at the November election, 1922. The defendant in error, Massey, was elected as a member of the board of county commissioners of said county, and from district No. 2 thereof, at the November election, 1920; subsequently he qualified and assumed the duties of his office the first Monday in July, 1921. The said T. O. Wagner would have assumed the duties of the

office to which he was elected on the first Monday, in July, 1923, but prior thereto and in March, 1923, without having qualified and without the time having arrived when he would assume the duties of the office to which he was elected. the said Wagner departed this life.

After the death of the said Wagner, the Governor, on the 8th day of May, 1923, undertook to exercise the power of appointment given him by law to fill vacancies on boards of county commissioners of the different counties of the state, and issued and delivered to the plaintiff in error, Ben Allison, a commission to become county commissioner of district No. 2, of Johnston county, for the term of office to which the said T. O. Wagner, deceased, had been elected. The said plaintiff in error did the acts necessary to qualify as a member of the board of county commissioners, and he and the defendant in error sat with the other two members of the board at one or more meetings in the month of July, 1923; but the board of county commissioners recognized neither.

About the first of August, 1923, the said Massey filed a suit in the district court of Johnston county, setting up the fact that he had been on the date above mentioned a duly elected county commissioner from said district No. 2, and that the said Allison laid claim to the office and was interfering with him, Massey, in the performing of his official duties, and prayed for an injunction against the said Allison, enjoining him from interfering or molesting him, the said Massey, in the continuous performance of his duties as a member of the board of county commissioners of said county. A temporary restraining order was issued by the district judge, which remained in effect until the 8th of October, when the issues raised by the pleadings were tried, and on the 5th day of November, 1923, a perpetual injunction was granted, as prayed by the plaintiff, Massey. It is from this judgment that the said Allison prosecutes this appeal.

We shall consider only such assignments of error as we deem are necessary for proper determination of the merits of the cause.

Appellant contends in support of his position that the action was tantamount to the trial of the title to the office of county commissioner by an injunction proceeding, whereas it should be tried by a proceeding in the nature of quo warranto. As to this we deem it sufficient to say that in the allegations of Massey's petition he did not seek to obtain an office, but merely to prevent Allison from interfering with his performing the

duties of the office he already held. Counsel in presenting this argument fail to distinguish between the remedy which an official has a right to invoke to protect himself in the exercise of his functions as a public officer, and the remedy necessary to be invoked to secure a public office alleged to be wrongfully held by another. That an injunction is a proper remedy in the former case, we think, is borne out by the authorities: 29 Cyc. 1416 (and cases cited in note thereto); Mechem on Public Officers, section 994; Brady et al. v. Sweetland, et al., 13 Kan. 41; Guillotte v. Poincy (La.) 6 South. 507; Ewing v. Thompson, 43 Pa. St. Rep. 372; Kerr et al. v. Trego et al., 47 Pa. St. Rep. 292.

The main contention of the plaintiff in error, however, is that by reason of his being commissioned by the Governor he occupies the same position that T. O. Wagner would have occupied, with the same right to qualify on the first Monday in July, and become county commissioner from district No. 2, the same as the said Wagner could have done but for his death. Appellant says that by reason of that part of section 10, art. 23, of the Oklahoma Constitution, which reads:

"* * * Nor shall the term of any public official be extended beyond the period for which he was elected or appointed"

—the said Massey could not continue to hold office after the appellant had qualified. We do not think this section of the Constitution is susceptible of the construction contended for. This section of the Constitution is an inhibition against the Legislature of the state increasing either the salary of such a public official or extending the term for which he was elected after the election of such official, and nothing more. As to the right of the Legislature to increase or diminish the term of office of such public official as is herein involved, where the enactment is before the election of the officer, we find no inhibition in the Constitution, but, on the contrary, section 18 of art. 29 impliedly authorizes such changes. Said section provides:

"Until otherwise provided by law the terms, duties, powers, and qualifications, salaries and compensations, of all county and township officials, shall be as now provided for by the law of the territory of Oklahoma, for the like named officials."

The Legislature in 1917 enacted what is now section 5735, Comp. Stats. 1921:

"Sec. 5735. Terms of Officers. At each general election there shall be elected in each county, a county judge, a county attorney, a court clerk, a county clerk, a sheriff,

a county treasurer, a county surveyor, a county superintendent of public instruction, a public weigher, and three county commissioners, who shall hold office for a term of two years, beginning, except those of the county judge, county treasurer, county superintendent of public instruction and the county commissioners, on the first Monday in January following their election, and until their successors are elected and qualified. The term of office of the county judge shall begin on the second Monday in January and that of county superintendent of public instruction, county treasurer and county commissioners shall begin on the first Monday in July following their election."

It must be noted from the above quoted section, which was passed long before Massey became such public officer of Johnston county, that when he was elected in 1920, he was not only elected for a term of two years, but "until his successor was elected and qualified."

We think it is well established that under a statute such as this, when there is no constitutional inhibition, the tenure of office of the person elected is not only for the number of years specifically mentioned, but that the period "until his successor is elected and qualified" is as much a part of his term of office as the years expressly mentioned. Baker, Governor, v. Kirk, 33 Ind. 517; State ex rel. Jackson Twp. v. Berg et al., 50 Ind. 496; Elam v. State ex rel. Taylor, 75 Ind. 518; People v. Whitman, 10 Cal. 38; Kimberlain v. State (Ind.) 14 L. R. A. 858.

The California court (People v. Whitman, 10 Cal., 38) lays down the rule, to which we assent, in the following language:

"The term of office of Governor is fixed at two years certain, with a contingent extension. When this contingency happens, this extension is as much a part of the entire term as any portion of the two years."

It is not in dispute that the appointment of the Governor had no validity unless there would be a vacancy in the office on the first Monday in July, 1923, and appellant contends that under sections 127 and 132, Comp. Stat. 1921, there was a vacancy. We cannot assent that under the provisions of either of said sections of the statute or any other section cited, there was within the meaning of said sections such a vacancy as contemplated by the Legislature should be filled by the Governor. No doubt if Wagner had lived until the first Monday in July. 1923, and had qualified as provided by law, and subsequently had died, a vacancy would have existed, which could have been filled by appointment.

There are two contingencies which author-ize the incumbent of the office herein in question to hold over: First, the failure to elect, or after election if the person elected fails to qualify. By failure to qualify is not meant inability to qualify because of death, for a dead man cannot be said to fail to do anything. Neither acts of omission nor of commission can be charged to one who has departed this life. The sense in which the term "fail to qualify" is used in section 132 carries with it no other idea than that the person elected shall purposely or negligently fail to assume the duties of the office to which he is elected. The appellant makes the contention that the language of the statute, supra, to the effect that the officer shall hold until his successor is elected and qualified, should be extended to the point of holding that the person in office could be supplanted by a person appointed. The language of the statute which creates the said contingency says that the incumbent shall hold "until his successor is elected and qualified." That this cannot be construed to authorize a person appointed to succeed one who had never qualified is settled by the authorities: Gosman v. State, 106 Ind. 203; State v. Lusk. 18 Mo. 333; People v. Tilton, 37 Cal. 614; Ex parte Lawhorne, 18 Gratt. 85; Johnson v. Mann, 77 Va. 265; State v. Jenkins, 43 Mo. 261; Commonwealth v. Hanley, 9 Pa. St. Rep. 513; State v. Carvey (Iowa) 154 N. W. 931; State v. Metcalf (Ohio) 88 N. E. 738; Ballantine v. Bower, 17 Wyo. 356; Baker City v. Murphy et al., (Ore.) 42 Pac. 133; Eddy v. Kincaid (Ore.) 41 Pac. 156; State v. Berg, 50 Ind. 496; Bank v. Hunt, 72 Mo. 597; State ex rel. McIntosh, County Attorney, v. Perkins, 35 Okla. 317, 129 Pac. 730.

Appellant suggests by his assignments the alleged failure to execute an injunction bond by plaintiff, in accordance with section 415, Comp. Stats. 1921, and that the judgment of the court was in error because of the failure of the plaintiff therein to comply with said section. No argument is made and no authorities are cited on this question. The judgment of the trial court, from which this appeal is taken, is that a permanent injunction be granted as prayed by the plaintiff; said section 415, Comp. Stats. 1921, provides the condition of the same becoming operative. The provisions of said section 415 are prerequisite to the injunction becoming operative. but appellant treated the judgment as effective, and neither argument is made, nor authorities cited, to indicate that a judgment so treated by appellant, and to reverse which on the merits the appeal is clearly taken, should be disturbed on the

ground assigned. It is here treated as waived. Even if such were not the case and we were to reverse this cause, under the conclusion of law we reach, the case would be remanded, and if the plaintiff gave bond in compliance with said section 415, the writ as prayed could forthwith issue. The liability on such a bond is conditioned by the law that the order was wrongfully made, and if so executed could under our conclusion serve no useful purpose to the defendant. Affirmed.

NICHOLSON. C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 15 C. J. p 451; (2) 15 C. J. p. 451; (3) 15 C. J. p. 451; (4) 15 C. J. p. 451; (5) 29 Cyc, p. 1416.