WILLIAM SCHULTE, RESPONDENT, v. CITY OF JEFFERSON, APPELLANT.[*]

Kansas City Court of Appeals. June 15, 1925.

---

[*]Corpus Juris-Cyc References: Municipal Corporations, 43 C. J., p. 767, n. 46; p. 809, n. 84; Officers, 29Cyc, p. 1372, n. 83, 84; p. 1393, n. 73.

*T. H. Autrobus* and *Oscar Williams* for appellant.

*D. W. Peters* for respondent.

BLAND, J.—This is a suit to recover salary alleged to be due from defendant to plaintiff. The case was tried before the court without the aid of a jury. The court rendered judgment in favor of plaintiff in the sum of $448.33. Defendant has appealed.

The material parts of the agreed statements of facts upon which the case was tried, show that defendant is an incorporated city of the third class; that Joseph H. Bruns is the duly elected and qualified city marshal of said city; that plaintiff was a regular policeman of said city for a term of one year beginning on the ——— day of May, 1923, and ending on the —— day of May, 1924, having been regularly appointed and confirmed by the city council at its May meeting in 1923. At its regular May meeting in 1924, being the first meeting after the annual city election, the city council rejected the name of plaintiff as a regular city policeman after the city marshal had recommended and presented plaintiff's name, among others, to it for confirmation for another term of one year. On June 6, 1924, the city marshal directed a letter to the city clerk informing him that he had appointed plaintiff and one other as regular police officers of the city to fill two existing vacancies in the police force, intending thereby to appoint plaintiff as a regular policeman but the city council again refused to confirm said appointment. The marshal again, at the regular July, August, September and October meetings of the city council, re-submitted the name of plaintiff for the position of regular policeman and on each of these occasions, as before, the city council refused confirmation. At each of these times, as recited by the agreed facts, the marshal "reissued and refiled a like appointment" as was done by him on June 6, 1924.

Section 8232, Revised Statutes 1919, relating to cities of the third class defines the term "officer" "To include any person holding any situation under the city government or any of its departments with annual salary or for a definite term of office." Section 8239 provides, among other things, that the marshal shall be Chief of Police. Section 8241 provides—

"There shall be such number of regular policemen as may be deemed necessary by the council for the good government of the city; such policemen shall serve for a term of one year. Special policemen may be appointed for such times and in such numbers as may be prescribed by ordinance."

Section 8242 provides—

"The manner of appointing the assistant marshal and all policemen of the city, as well as the duties of the same, shall be defined by ordinance."

The ordinances of defendant city provide that—

"At the first regular meeting of the city council, held after each city election the marshal, with the advice and consent of a majority of the members elected to the city council, shall appoint five discreet and competent persons to act as regular police officers of the City of Jefferson, whose term of office shall be for one year. . . . Each regular police officer shall hold his office for one year provided that

the mayor, with the consent of a majority of all the members elected to the city council may remove such regular police officer at any time at will, and that the city council by a two-thirds vote of all the members elected to the council, may remove such regular police officer at any time, at will, without the mayor's recommendation, or approval; and provided further, that before entering upon the discharge of their duties, each regular police officer, shall take and subscribe to an oath or affirmation, as is required by the charter of the city for city officer."

And that—

"Whenever, for any cause, *a vacancy* exists, or shall occur in the regular police force of this city, it shall be the duty of the marshal, *with the advice and consent of a majority of the members* elected to the city council, to appoint some suitable and competent person to fill such vacancy and such appointee shall take and subscribe to a like oath or affirmation as is required by the charter for city officers, and *thereafter* shall be considered as a regular police officer of the city, with like duties and powers of regular police officers, and shall, unless sooner removed from office, hold his office till the first annual city election, held after said appointment, and until his successor is duly appointed, confirmed and qualified." (Italics ours.)

It was admitted that plaintiff possessed all of the required qualifications of a police officer; that after the attempted appointment of plaintiff by the marshal, on each of the occasions above referred to, plaintiff began serving as a pretended police officer of the city and so continued from month to month, acting under order of the marshal and without confirmation by the city council, and was so acting at the time of the commencement of this suit. Plaintiff was never at any time appointed or named as a *special* officer of the city but has been acting as a *regular* officer. Plaintiff is suing for pay for services rendered under an alleged "recess" appointment to fill a vacancy in the office of police officer.

At the conclusion of the testimony defendant requested the court to declare that plaintiff was not entitled to recover; also, in another declaration, that it was incumbent upon plaintiff to prove that he was "a regular, duly appointed and confirmed policeman of the City of Jefferson before he would be entitled to any compensation for any services rendered or pretended to be rendered in the capacity of a policeman." The court gave this latter declaration after having stricken out the words "and confirmed," indicating that the court decided the case on the theory that it was not necessary in order for plaintiff to be a regular, duly appointed policeman to be confirmed by the council.

We think that the court erred in refusing to give the declaration in the nature of a demurrer to the evidence and also the declaration that we have referred to.

It is well settled—

"Where the appointment is made as the result of a nomination by one authority and confirmation by another, the appointment is not complete until the action of all bodies concerned has been had, and the body which has been intrusted with the power of confirming appointments may reconsider its action before any action based upon its first decision has been taken." [13 Cyc., p. 1372; Meachem's Public Office and Officers, secs. 114, 124; 22 R. C. L., p. 433, sec. 84.] Plaintiff was not a *de jure* officer until at least confirmed by the council. If anything at all, he was a *de facto* officer and such officer is not entitled to the emoluments of the office. [29 Cyc. 1393; Sheridan v. City of St. Louis, 183 Mo. 25, 39, 40; Luth v. Kansas City, 203 Mo. App. 110, 113; Throop on Public Officers, sec. 517.]

Plaintiff relies on the case of State ex inf. v. Williams, 222 Mo. 268, and cases cited therein. The Williams case involved the title to the office of State Factory Inspector. The act creating the office provided that within thirty days after the passage of the act, the Governor, with the advice and consent of the Senate, should appoint a competent person to fill the position, to hold the office for a period of four years, but did not provide any method of filling a vacancy in such office. The court held that the Governor could make a recess appointment, the appointee to hold until the Senate acted adversely on his appointment. This holding was based upon the fact that the Legislature provided for the first appointment to be made when the Legislature would not be in session and that it would not likely be in session when further appointments were made (the Legislature under the Constitution, sections 16 and 20, Article IV, regularly meets only biennially, beginning the first Wednesday after the first day of January and contemplates only a session of seventy days except every ten years, when the statutes of the State are revised generally), and it was the legislative intent, under the circumstances, that the Governor be allowed to make a recess appointment. The facts in the case at bar clearly are not like those in the Williams case. Here the city council meets every month and the ordinance expressly provides how a vacancy in the office in question may be filled.

Substantially the same situation arose in the case of Brumley v. Boyd, 66 S. W. 874 (Texas). In that case the charter provided—

"In case of a *vacancy* in an elective office from whatever reason, the council upon nomination of the mayor, shall fill the vacancy by the selection of some person by a vote of a majority of the aldermen elected and qualified."

It was held that the mayor, without the concurrence of a majority of the council, could not fill a vacancy in the office of health officer.

The judgment is reversed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.