The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Does a member of the State Board for Property and Casualty Rates, whose term expired March 1, 1979, retain the authority to perform the duties of the office until confirmation of the Governor's appointee by the State Senate? Under 36 O.S. 331 [36-331](A) (1978), the members of the State Board for Property and Casualty Rates are appointed by the Governor with the advice and consent of the Senate. The holdover provision of the Oklahoma Constitution, Article XXIII, Section 10, provides for an incumbent officer to hold over in office until his successor has been duly qualified by the State Senate. The pertinent portion of that section reads as follows: ". . . nor shall the term of any public officer be extended beyond the period for which he was elected or appointed: Provided, that all officers within this State shall continue to perform the duties of their offices until their successor shall be qualified." In Hood v. Miller,291 P. 504 (1930), at 508, the Oklahoma Supreme Court construed Article XXIII, Section 10, saying: "Obviously the general purpose of the statute providing the incumbent shall hold his office 'until his successor is elected and qualified' is to prevent an interregnum to the inconvenience and detriment of the public welfare." Other jurisdictions with holdover provisions similar to Article XXIII, Section 10, have strictly adhered to the rule that when an incumbent's term has expired and he is awaiting a duly appointed successor, the incumbent's right to the office has not terminated and will not terminate until his successor is appointed by the Governor and approved by the State Senate. Until that event occurs, the office is filled by the incumbent who exercises the duties of the office under constitutional authority. People ex rel. Warren v. Christian, 123 P.2d 368 (Wyo. 1942); State ex rel. Smith v. Tazwell, 111 P.2d 1021 (Ore. 1941); McCall v. Cull, 75 P.2d 696 (Ariz. 1938). See also State ex rel. Sullivan v. Moore, 64 P.2d 809 (Ariz. 1937); State ex rel. Nagle v. Stafford, 34 P.2d 372 (Mont. 1934); State ex rel. Truitt v. Levy Court of Newcastle County, 140 A. 642 (Del. 1927); State ex rel. Rogers v. Johnson, 237 P. 12 (Wash. 1925); Schulte v. City of Jefferson, 273 S.W. 170 (Mo. 1925); State ex rel. Standish v. Boucher, 56 N.W. 142
(N.D. 1893); People ex rel. Laine v. Tyrrell, 25 P. 684
(Cal. 1891); State ex rel. Attorney General v. Bryson,8 N.E. 470 (Ohio 1886). The Oklahoma Supreme Court has held that an incumbent's term does not end with the expiration of his term until a successor has been duly qualified. State ex rel. Clulow v. Bd. of Education of Independent School District No. 1 of Tulsa County, 339 P.2d 534 (Okl. 1959); Ferguson v. Lawrence, 69 Okl. 119, 157 P. 1038
(1916); State ex rel. McIntosh v. Perkins, 35 Okl. 317,129 P. 730 (1913). In State ex rel. McIntosh v. Perkins, supra, the Court explained: "The result necessarily follows that a failure to elect at a period fixed by the statute creates no vacancy in the office, but imposes a right and a duty upon the incumbent to continue in office until his successor is legally elected and qualified; and this right falls upon the incumbent the same, whether appointed or elected. In other words, a person appointed to fill a vacancy in office of collector can only be superseded by one who is duly elected, the person so appointed continuing to hold office in the same manner as if he were originally the incumbent; and his term of office will not expire until he is suspended by death, resignation, removal, or some other legal disability occurs, or until his successor is duly elected and qualified." To the extent that previous Opinion 78-168 is inconsistent with our opinion here, 78-168 is hereby withdrawn and overruled. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. A member of the State Board for Property and Casualty Rates, whose term expired March 1, 1979, shall continue to perform the duties of the office until his successor has been duly appointed by the Governor and confirmed by the Senate. (JOHN PAUL JOHNSON) (ksg)