Dear District Attorney Moss,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
Is a county-elected employee considered a "new" employee uponreelection to a second consecutive term to the same countyposition and therefore entitled to reinvest any previouslywithdrawn retirement funds within 60 days after said employee"again becomes a county employee" within the meaning of 19 O.S.953.
¶ 1 It must first be stated that your query contains the following factual implication. Prior to a county employee's election to his or her first term in county office and subsequent re-election to that same office, the county employee was previously employed by the county. The county employee subsequently ceased being an employee of the county, withdrew his or her prior retirement contributions from the county retirement fund and did not redeposit those withdrawn contributions to the fund within sixty (60) days of being elected to his or her first term of county office.
¶ 2 In order to properly respond to your question, it is first necessary to review the statutes authorizing and governing county retirement systems.
¶ 3 Title 19 O.S. 951 (1991) et seq., provides for the authorization, funding, control and management of county retirement systems in those Oklahoma counties having a population of more than three hundred thousand (300,000) citizens. These county retirement systems are created "for any or all of the employees" of such counties "as delayed compensation in order to encourage continuity of dedicated service on the part of employees and thereby promote public efficiency, and to provide retirement allowances and other benefits for such employees"."19 O.S. 951 (1991). Each county retirement system is statutorily required to create a retirement fund to be supported by joint contributions by the county and the employees to be benefitted. Id. Title 19 O.S. 957 (1991) defines an employee, as used in Sections 951 through 962 of Title 19, to include "the elected or appointed salaried officials and regular full-time salaried employees of a county[.]" Thus, it is clear that a county elected official is an eligible employee for purposes of membership in a county retirement system under Section 951 etseq.
¶ 4 Section 19 O.S. 953 of Title 19 requires in part that every county which establishes a retirement fund make contributions to that fund for the use and benefit of those eligible county employees. Section 953 further provides that money in the retirement fund shall not be available for any other purpose or use than that of paying retirement benefits to eligible persons. Id. However, there are two exceptions to this provision. One exception to the aforementioned language in 19O.S. 953 (1991) provides in pertinent part:
 [P]rovided that should any county employee who has contributed to such retirement fund cease, either by resignation, discharge or failure of re-election, to be a county employee at any time before such employee becomes eligible for retirement, such employee shall be entitled to receive from the retirement fund an amount, without interest, equal to the sum deducted from his salary and credited to the retirement fund[.]
(Emphasis added.)
¶ 5 Section 953 further provides that county employees who 1) previously ceased employment with the county before being eligible to retire, 2) withdrew all retirement contributions from the county retirement fund, and 3) subsequently become county employees again, may become reeligible for county retirement benefits by re-depositing all money previously withdrawn. Specifically, 19 O.S. 953 (1991) provides in pertinent part:
 [P]rovided further, that should any county employee whose services as such employee shall have ceased prior to such employee being eligible for retirement, and should such employee have withdrawn his contribution to the retirement fund as provided herein, such employee shall not thereafter become eligible for retirement unless he shall have paid into the pension fund all money previously withdrawn therefrom by such employee by September 1, 1984, for those employees that again became county employees prior to July 1, 1984, and within sixty (60) days after an employee again becomes a county employee for those employees that again become county employees on or after July 1, 1984.
(Emphasis added.)
¶ 6 Title 19 O.S. 953 (1991) provides two specific "windows" of time during which former county employees may re-deposit their previously withdrawn retirement contributions and once again become eligible for county retirement benefits. The first of the windows in Section 953 mandates that those former county employees who "again became county employees prior to July 1, 1984," re-deposit their previously withdrawn contributions by September 1, 1984. Id. The second window in Section 953 mandates that former county employees who "again become county employees on or after July 1, 1984," re-deposit their previously withdrawn contributions within sixty (60) days after such an employee "again becomes a county employee." Id.
¶ 7 Your question essentially asks whether a county employee, upon consecutive re-election to the same county position, "again becomes a county employee" pursuant to the second window provision in 19 O.S. 953 (1991) and is therefore entitled to re-invest or re-deposit with the county retirement system previously withdrawn retirement contributions within sixty (60) days after the commencement of that employee's second consecutive term of office. The answer to your question can be found by reviewing the language used in Section 953 and briefly examining the purpose of the Legislature's utilization of that language.
¶ 8 In construing a statute, the cardinal rule is to ascertain the intent of the Legislature by considering the language of the statute as a whole in light of its general purpose and objective. See, Wood v. Independent School District No. 141 of PottawatomieCounty, 661 P.2d 892 (Okla. 1983). Where the intent of the Legislature is plainly expressed in the statute, it must be followed without further inquiry or statutory construction. See,e.g., In re Request of Hamm Production Co., 671 P.2d 50, 52
(Okla. 1983); Hughes Drilling Co. v. Morgan, 648 P.2d 32, 35
(Okla. 1982).
¶ 9 As discussed hereinabove, 19 O.S. 953 (1991) provides that only those county employees "whose services shall haveceased prior to . . . being eligible for retirement" and who "have withdrawn . . . contribution to the retirement fund" may become re-eligible for county retirement benefits by re-depositing all contributions previously withdrawn within the sixty (60) days window period. (Emphasis added). Section 953 further provides that a county employee is not entitled to withdraw contributions unless that employee "cease, either byresignation, discharge or failure of re-election to be a county employee" (Emphasis added.) Id.
¶ 10 The plain language of 19 O.S. 953 (1991) indicates that it was the intent and purpose of the Legislature that a county employee must have had a previous break in his or her service with the county before that county employee can "again [become] a county employee" for purposes of taking advantage of the sixty (60) day window provision to re-deposit previously withdrawn retirement contributions. Pursuant to Section 953, a county employee's break in service must be as a result of that employee's previous resignation or discharge from a county position or the failure of the county employee to be re-elected to a county position.
¶ 11 The plain language of 19 O.S. 953 (1991), indicates that a newly elected county official may re-deposit previously withdrawn county retirement contributions during the first sixty (60) days of that official's first term of office only if that official had previously realized a break in county service pursuant to the enumerated factual scenarios of prior resignation, discharge or failure of re-election.
¶ 12 Because it is not enumerated in 19 O.S. 953 (1991), a successful re-election cannot be considered as a means to "again [becomes] a county employee" for purposes of re-depositing previously withdrawn retirement contributions. Legislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent. City ofDuncan v. Bingham, 394 P.2d 456, 460 (Okla. 1964).
¶ 13 Further, Oklahoma law provides that county officers shall hold office for specific terms and until their successors are elected or qualified. See, 19 O.S. 131 (1991). The Oklahoma Supreme Court has held that "under a statute such as this, when there is no constitutional inhibition, the tenure of office of the person elected is not only for the number of years specifically mentioned, but that the period `until his successor is elected and qualified' is as much a part of his term of office as the years expressly mentioned." Allison v. Massey,235 P. 192, 194 (Okla. 1925). Therefore, we believe that under Oklahoma law, a county office holder who is successfully re-elected to his or her office, experiences uninterrupted tenure in office, and thus, does not realize the necessary break in service for purposes of re-depositing previously withdrawn retirement contributions pursuant to 19 O.S 953 (1991).
¶ 14 As stated heretofore, the plain language in 19 O.S. 953
(1991), indicates that the Legislature intended to exclude a county official who is successfully re-elected to a second consecutive term from being considered a new employee for purposes of re-depositing his or her previously withdrawn retirement contributions because the county official has not realized the necessary break in county service to "again become a county employee" as required under Section 953.
¶ 15 It is, therefore, the official opinion of the AttorneyGeneral that a county employee re-elected to a second consecutiveterm to the same county position does not "again become a countyemployee" for purposes of 19 O.S. 953 (1991). As such, acounty employee who has been re-elected to a second consecutiveterm is not entitled to reinvest previously withdrawn retirementcontributions with a county retirement system within sixty (60)days after the commencement of that employee's second consecutiveterm of office pursuant to 953.
SUSAN B. LOVING ATTORNEY GENERAL OF OKLAHOMA
BARRY K. KOONCE ASSISTANT ATTORNEY GENERAL