Note.—See under (1) 28 Cyc. p. 942 (Anno); 36 Cyc. pp. 991, 993, 1001, 1025, 1038. (2) 28 Cpc. pp. 986, 997, 1135. (3) 28 Cyc. pp. 988 (Anno), 1135. (4) 28 Cyc. pp. 943, 944 (Anno), 946, 1181. (5) 28 Cyc. p. 1188.

## WHALEY v. COTTON.

No. 16774—Opinion Filed Jan. 12, 1926.

Rehearing Denied May 25, 1926.

(Syllabus.)

**Municipal Corporations—Cities of First Class —City Marshal or Chief of Police as Holding Over Where no Successor Elected.**

In a city of the first class in this state not under a charter form of government, the offices of city marshal and chief of police are one and the same; and where, at a regular biennial city election, no city marshal is elected as provided by statute, no vacancy occurs in said office by reason of such failure to so elect, but the duly qualified and acting city marshal or chief of police may continue in office until his successor is elected and qualified.

Error from District Court, Hughes County; Frank Mathews, Assigned Judge.

Action by T. H. Whaley against J. W. Cotton. Judgment for defendant, and plaintiff brings error. Reversed.

Pryor, Stokes & Carver, O. G. Rollins, and Hugh Murphy, for plaintiff in error.

Anglin & Stevenson and W. P. Langston, for defendant in error.

PHELPS, J. This case comes to us on appeal from the district court of Hughes county, the facts out of which it grew being substantially as follows:

The city of Holdenville is a city of the first class, not being under a commission or charter form of government. Sometime in 1920 the plaintiff in error, T. H. Whaley, who was plaintiff below, was appointed chief of police of the city of Holdenville. At the regular election in April, 1921, at which city officers were elected, no city marshal was elected, and plaintiff continued to occupy the position of chief of police. In 1923, at the regular city election, no city marshal was elected, and he continued to so act, and in 1925, at the regular April election, no city marshal was elected, but on May 4th a new mayor was installed and appointed the defendant, J. W. Cotton, chief of police of said city, which appointment was approved by a majority of the members

of the city council, whereupon the plaintiff filed his action in the district court, alleging that he was the duly qualified and acting city marshal or chief of police of said city; that no vacancy existed in said office and that the appointment of the defendant by the mayor, with the approval of the city council, was void because there was no vacancy; and prayed for judgment of the court decreeing plaintiff entitled to hold said office and prohibiting the defendant from acting as such officer of said city. The cause was tried to the court, and judgment rendered in favor of defendant, to reverse which this appeal is prosecuted.

Section 4370, Comp. Stats. 1921, provides that:

"General elections shall be held in all cities of the first class on the first Tuesday in April, A. D. 1919, and each two years thereafter, at which time there shall be elected for the city at large one mayor, one city marshal. * * * The officers above designated shall serve for a period of two years and until their successors are elected and qualified."

And section 4516, Comp. Stats. 1921, provides that the city marshal shall be chief of police, and defines his duties, and section 4513, Comp. Stats. 1921, provides that vacancies in office shall be filled by appointment by the council. And section 4545 provides that:

"The mayor shall appoint, by and with the consent of the council, an assistant city marshal, a city engineer," etc.

It will be observed that the statutes do not provide for the election or appointment of a chief of police, but that official is referred to as the city marshal; section 4516 providing that the "marshal shall be chief of police." There is practically no dispute between the parties hereto as to the facts, but the plaintiff claims that as he was the duly appointed, qualified, and acting chief of police, and that, no election having been held for that office in April, 1921, 1923, and 1925, he was entitled to hold the office until a successor is elected and qualified at a subsequent city election. It is the contention of defendant that there is no authority given to the mayor or council to appoint a city marshal even if a vacancy occurs, and that a city marshal had never been elected in the city of Holdenville since the act of 1919 went into effect, and that the plaintiff was never appointed city marshal, but was appointed chief of police, and that the new mayor was vested with authority to declare the office vacant and appoint the defendant to the office of chief of police.

As we see it, the statute abundantly justifies the conclusion that the city marshal and chief of police are one and the same officer, and it matters not whether he be termed city marshal or chief of police. The statute authorizes the election of a city marshal at the regular biennial city election and directs that such city marshal shall be chief of police, and if this conclusion be correct and plaintiff was the duly qualified and acting city marshal or chief of police when the 1921 election was held and no successor was elected, clearly he would be entitled to occupy that office until his successor was elected and qualified, and as the same condition prevailed in 1923 and 1925, there was still no vacancy to be filled, and the appointment of defendant was beyond the power of the mayor and city council.

State ex rel. McIntosh v. Perkins, 35 Okla. 317, 129 Pac. 730, was a cause wherein a city councilman had been appointed to fill an unexpired term, and at the following election no successor was elected, and in an action to oust him from office, in the second paragraph of the syllabus, this court said:

"Where no election is held at the time fixed by law, a city councilman, appointed to fill an unexpired term, holds until his successor is duly elected and qualified."

Section 5735, Comp. Stats. 1921, with reference to county officers, provides that:

"At each general election there shall be elected in each county a county judge * * * and three county commissioners, who shall hold office for a term of two years * * * and until their successors are elected and qualified."

It will be observed that this section of the statute providing for the election of county officers is very similar in its wording to section 4370, supra, providing for the election of city officers. And in the very recent case of Allison v. Massey, 108 Okla. 140, 235 Pac. 192, this court had under consideration the construction of this statute, wherein a county commissioner of Johnston county had been elected but died before time for him to qualify and assume the duties of the office, and the incumbent was contesting the right of one appointed by the Governor to hold such office, and it was there held no vacancy existed and that the incumbent should hold the office until his successor was elected and qualified.

In the light of these authorities, there was no vacancy in the office of city marshal or chief of police of the city of Holdenville, and the district court erred in rendering judgment for the defendant.

The cause is therefore reversed and judgment rendered in favor of plaintiff.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.