THOMAS v. WAGONER et al.

No. 32650. Nov. 12, 1946.

*174 P. 2d 231.*

H. Tom Kight and H. Tom Kight, Jr., both of Claremore, for plaintiff in error.

A. W. Kelley, of Claremore, for defendants in error.

DAVISON, J. In 1944, R. L. Thomas was elected councilman from ward 1 of the city of Claremore.

At the primary election held in Claremore March 19, 1946, he was again a candidate for the Democratic nomination for said office and was opposed for said nomination by A. L. Wagoner, they being the only candidates for such office. In said primary, both of said candidates received the same number of votes, and the county election board then proceeded to select Wagoner as the winner, by lot.

In this action, which Thomas thereafter instituted in the district court against Wagoner and the county elec-

tion board and its individual members, to restrain the issuance to Wagoner of a certificate of election, and restraining him from interfering with his possession of the office, Thomas took the position that the election board's selection of the winner by lot, which according to stipulation of the parties filed in the action was done under assumed authority of 26 O.S. 1941 § 113, was unauthorized and a nullity. On the basis of this hypothesis he asserted that no one had been nominated to stand for election as his successor, no Republican having filed for the office, and therefore under our statutes he is entitled to continue in office until such time as a successor might thenceforth be lawfully selected.

After a hearing on the matter, the trial court treated the cause as being in the nature of a quo warranto proceeding and that 26 O.S. 1941 § 113 authorized selection of the nominee for said office by lot, and rendered a judgment so holding, adjudging Wagoner elected to the office and refusing to make permanent the order theretofore entered therein, temporarily restraining the issuance of a certificate of election to him. From said judgment Thomas had lodged this appeal, and under order of this court has superseded said judgment.

The only question raised by the parties to be decided herein is whether the above mentioned statute authorizes a tie vote in a city election to be resolved in favor of either of the candidates therefor by the method prescribed therein, namely, the casting of lots. Thomas insists that said question can only be answered in the negative because of the following provision in said section, to wit:

". . . Primaries and contests therein to select party candidates for city and town offices shall not come within the provisions of this act."

Wagoner offers no argument to directly refute this contention, saying only that if the act does not apply to city primaries, then there is no provision of law governing other matters which may arise in such primaries, such as contests, and everything with reference to any such primary in any city or town in the state that has been done under the assumed authority of said act is a nullity.

The primary in question was not the one prescribed under section 113, supra, for the first Tuesday in July, but was held on March 19th, under the provisions of 11 O.S. 1941 § 41a.

Under the argument presented herein the issue must be resolved in favor of Thomas. When the election resulted in a tie and no provision having been made by law to undo such tie, it was equivalent to no election in such race. The contestant, Wagoner, not having received a majority of the votes cast, Thomas holds over until his successor is elected and qualified. O.S. 1945 Supp. Title 11, § 23b; Constitution of Oklahoma, art. 23, § 10; Allison v. Massey, 108 Okla. 140, 235 P. 192; Whaley v. Cotton, 114 Okla. 274, 246 P. 629.

The judgment of the trial court is therefore reversed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, and WELCH, JJ., concur.