WOOTEN v. STATE ex rel. BUTLER, Co. Atty.

No. 34744.    May 1, 1951.

*230 P. 2d 889.*

Hughes, Ogden & Ogden, Guymon, for plaintiff in error.

Hiram A. Butler, Co. Atty., Cimarron County, and McMahan, Loofbour-

row & Loofbourrow, Boise City, for defendant in error.

DAVISON, J. This is an action in the nature of quo warranto brought by the State of Oklahoma on the relation of Hiram A. Butler, county attorney of Cimarron county, Oklahoma, against Estella M. Wooten who was in possession of and claiming the office of county superintendent of schools of said county for the term of office ending July 2, 1951. The parties will be referred to as they appeared in the trial court.

In September, 1947, Marion V. Cochran was appointed county superintendent of public instruction of Cimarron county, Oklahoma, to complete the term ending July 5, 1949. A year later, in September, 1948, she resigned, having theretofore filed as a candidate for said office for the ensuing term. In November, 1948, at the general election, she was unopposed and consequently was elected to the office. Upon the resignation of Mrs. Cochran in September, 1948, the defendant, Estella M. Wooten, was duly appointed to fill the office during the unexpired term which ended July 4, 1949. The State Legislature, in 1949, enacted the following statute, now designated 70 O.S. 1949 Supp. §3-7:

"Every person who has been elected to the office of county superintendent of public instruction of a county for the term beginning July 4, 1949, shall if qualified for such office under the laws existing at the time of his election, be deemed to have been elected to the office of county superintendent of schools of such county for the same term and shall be entitled to serve as county superintendent of schools of such county for the same term for which he was elected by executing the oath and bond specified in Section 2 of this Article (70 O.S. 1949 Supp. §3-2) within ten (10) days after the effective date hereof."

The minutes from the Commissioner's Journal of the meeting held July 5, 1949, include the following entry:

"Failure of Marion V. Cochran, County Superintendent of Schools elect to qualify, Estella M. Wooten filed a bond which was duly approved by the Board and Mrs. Wooten took the oath of office."

The bond made by defendant, and approved by the board of county commissioners, contains the following recitation:

"Whereas, the Principal was duly appointed County Superintendent of Schools, Cimarron County, Oklahoma, for the term beginning July 5, 1949 and ending July 2, 1951."

Defendant testified that she understood and was led to believe that she had been appointed to serve out the term of office of July 5, 1949, to July 2, 1951.

On February 6, 1950, L. J. Maynard was appointed by the board of county commissioners to fill the office during the remainder of the term. Defendant refused to surrender the office to him and this action was filed. The cause was tried to the court, resulting in judgment for plaintiff ordering defendant to surrender the office to the said L. J. Maynard. From that judgment, this appeal has been perfected.

The crux of this case centers on the meaning and effect of that part of 51 O.S. 1945 Supp. §3.1, as follows:

"When any person elected to a public office has died or failed to qualify and enter upon the duties of such office for any reason or cause at the time and in the manner provided by law, and for six months or more thereafter has not qualified and entered upon the duties of said office, such public office shall be deemed vacant and shall be filled by the officer or board authorized to fill such vacancy. . . ."

And 70 O.S. 1949 Supp. §3-7, supra:

Because all facts, upon which defendant founds her claim to office, occurred within the ten-day period provided in the statute last above referred to, and all facts relative to any claim of Mr. Maynard to said office occurred after the expiration of the six-month period

provided by 51 O.S. 1945 Supp. §3.1, supra, it is unnecessary for this court to discuss any apparent overlapping or conflict between the two statutes.

Although the authority, or lack of it, of plaintiff to maintain this suit was not properly raised in the trial court, it is to some extent argued by plaintiff in error. That question has, however, been settled by this court adversely to such contention. In the case of Byrd v. State ex rel. Roff, Co. Atty., 99 Okla. 165, 226 P. 362, after quoting from the court of Kansas, whence came the statute authorizing the action of quo warranto (12 O.S. 1941 §1531), this court used the following language:

"We think this authority is decisive of the question here raised, and that the trial court was correct in holding that the county attorney might institute the suit in the name of the state."

The other argument of plaintiff in error in her brief is founded upon a false premise. Her theory is that, since the trial court, in the findings of fact, found that the appointment of Estella M. Wooten was void, it necessarily had to first find that an appointment had actually been made. Further, the fact that an appointment was attempted by the board of county commissioners, whether valid or void, presupposes that there is a necessity to fill a vacancy. That, therefore, the office of county superintendent of schools was vacant on July 5, 1949. The fallacy of this argument is readily apparent. The primary question of fact for determination was whether or not a vacancy existed. Unless it did, the board of county commissioners had no authority to make an appointment to fill it. The trial court found that,

" . . . there was no vacancy in the office of County Superintendent of schools until July 15, 1949 and that the action of the Board of County Commissioners of Cimarron County, Oklahoma in appointing Estella M. Wooten to said office on July 5, 1949 was void and of no effect for the reason that

there was no vacancy in said office at that time."

To have held otherwise would have been to give to the board of county commissioners the authority to oust any successful candidate for office by simply appointing a successor to the office during the time allowed by statute to the incoming officer to qualify therefor.

Going beyond that, however, the record does not disclose any action on the part of the board of county commissioners which could be construed as an appointment of defendant to hold the office subsequent to July 5, 1949. When boiled down to the pertinent facts, they consist of an oath of office and an official bond wherein it was stated that defendant's term of office was to terminate July 2, 1951, and an order by the board acknowledging the oath and approving the bond. Herein, the only authority that the board had to make an appointment depended unconditionally upon the existence of a vacancy in the office. This could have occurred "on the happening of either of the following events before the expiration of the term of such office":

"Second. His removal from office or failure to qualify as required by law." 51 O.S. 1941 §8.

Under any view of the case, the elected candidate, Marion V. Cochran, had ten days from the 4th day of July, 1949, within which to qualify for the office (70 O.S. 1949 Supp. §3-7, supra) and by the same section of the statute was appointed by the Legislature to the newly created office. Therefore, a vacancy in that office could not occur, because of failure to qualify, until the time allowed therefor had expired. Plaintiff in error also argues that Mrs. Cochran was not elected until a certificate of election was issued to her. The record discloses that proof of her election was made by the official tally sheets of the election officials. If the certificate of election be necessary, it was just one more of the essentials to be furnished in order for her to

qualify and the failure of its issuance was not complete until the expiration of the time allowed for qualification. All of defendant's other arguments fall within the same category. They presuppose a failure of Mrs. Cochran to qualify prior to the expiration of the time allowed therefor. For this reason they are not tenable.

A similar situation as here has not heretofore been before this court, nor are the cases of State ex rel. Leal v. Jones, 19 Ind. 356, 81 Am. Dec. 403, and State ex rel. Finch v. Washburn, 17 Wis. 618; Commonwealth ex rel. v. Sheatz, 228 Pa. 301, 50 L.R.A., N.S., 380, cited by plaintiff in error, persuasive, because their application is dependent upon facts not here existent, which would also give force and effect to argument of plaintiff in error, as above discussed.

The issues in this case are founded upon the conflicting claims of persons who each assert their right to office because of appointment. The legal principles controlling in actions between holdover claimants and subsequent appointee claimants are not here involved, and we express no opinion with regard thereto.

For these reasons, the judgment of the trial court finding that there was no vacancy in the office until July 15, 1949, was proper and is affirmed.

ARNOLD, C.J., LUTTRELL, V.C.J., and GIBSON, HALLEY ,and JOHNSON, JJ., concur. O'NEAL, J., dissents.