STATE of Oklahoma, ex rel. Don HAMP-
TON, County Attorney, Delaware Coun-
ty, Oklahoma, Plaintiff,

v.

Mrs. Olen May OAKES, Defendant.

No. 36778.

Supreme Court of Oklahoma.

March 8, 1955.

Rehearing Denied April 6, 1955.

Don Hampton, County Atty., Delaware County, Jay, for plaintiff.

L. Keith Smith and Riley Q. Hunt, Jay, for intervenor.

Francis Stewart and Kelly Brown, Muskogee, for defendant.

HALLEY, Justice.

This is an original action filed in this Court by the State of Oklahoma ex rel. Don Hampton, County Attorney of Delaware County, Oklahoma, against Mrs. Olen May Oakes, in the nature of quo warranto to remove Mrs. Olen May Oakes as County Commissioner for District No. 3 of Delaware County for the term of office 1955–1957, beginning January 3, 1955. Ed C. Ferguson petitioned to be made a party defendant and such petition is granted.

The facts out of which the controversy arose are not disputed. Robert L. Oakes was the duly elected and acting County Commissioner for District No. 3 of Delaware County for the term of office 1953–1955. November 2, 1954, Mr. Oakes was re-elected for the term of office 1955–1957, beginning January 3, 1955. He died on November 5, 1954, only three days after being elected for the two year term beginning January 3, 1955.

On November 10, 1954, acting governor, James E. Berry, appointed Mrs. Olen May Oakes to said office, "to fill the unexpired term of Robert L. Oakes, deceased." She qualified and entered upon the duties of the office.

After the beginning of the 1955–1957 term of office and on January 5, 1955, Governor Johnston Murray appointed Ed C. Ferguson to said office, "for a term effective upon your qualification and ending the first Monday in January, 1957."

Mr. Ferguson thereafter took and filed his oath of office and his duly approved bond, all in accordance with the applicable statutes.

It is alleged that Mrs. Oakes refused and continues to refuse to surrender the office here involved to Mr. Ferguson.

This Court has assumed original jurisdiction under Section 2, Article VII of the State Constitution and sections 1531 and 1532, 12 O.S.1951.

. Plaintiff contends further that under section 3.1, 51 O.S.1951, where a person elected to public office dies prior to the beginning of the term of office for which he was elected, there is deemed to be a vacancy for the term which may be filled by the appointing authority at any time after the beginning of such term, and that it is the duty of the prior incumbent holding over to surrender the office to the person so appointed.

Section 3.1, 51 O.S.1951, is as follows:

"When any person elected to a public office has died or failed to qualify and enter upon the duties of such office for any reason or cause at the time and in the manner provided by law, and for six months or more thereafter has not qualified and entered upon the duties of said office, such public office shall be deemed vacant and shall be filled by the officer or board authorized to fill such vacancy, provided, however, that any appointment made under the provisions of this section to fill an office of any person who has failed to qualify on account of military service shall be only for the period of enforced absence of said person, or until said person qualifies for said office. The person holding over in such office shall surrender the same to the person so appointed upon his qualifying for said office as provided by law. The provisions of this Act shall be retroactive as well as prospective in its operation. Laws 1945, p. 154, § 1."

We think the applicable portions of the foregoing statute are:

"When any person elected to a public office has died * * * such public office shall be deemed vacant and shall be filled by the officer or board authorized to fill such vacancy * * *. The person holding over in such office shall surrender the same to the person so appointed upon his qualifying for said office as provided by law. * * *"

The defendant points out that Robert L. Oakes was elected in November, 1954, to succeed himself, defeating Ed C. Ferguson, who now claims the office by virtue of his appointment by the Governor of Oklahoma. It is true that Ed C. Ferguson is not a person elected to succeed Robert L. Oakes, and could not qualify "as a successor elected." Defendant also claims that at the time of Mr. Ferguson's appointment, there was no vacancy in the office of County Commissioner for the 3rd District of Delaware County. Defendant claims that she was appointed under the provision of Section 15, 51 O.S.1951, which provides that she shall hold said office until her successor is "elected and qualified", and that no successor has been elected to succeed her and that she is entitled to hold such office until her successor is duly elected as is provided in Subsection (C), Section 131, 19 O.S.1951, that one shall hold office until a successor shall be elected and qualified, which she claims entitles her to continue to hold the office until a successor "is elected and qualified" in what she claims to be the later expression of the legislative will on this question.

Defendant further says that the death of Mr. Oakes created but one vacancy in the office of County Commissioner and that this one vacancy was filled by the appointment of the defendant, even though that appointment expressly provided that it was to " * * * fill the unexpired term of Robert L. Oakes, deceased", being the 1953–1955 term ending January 3, 1955.

The plaintiff contends that the death of the incumbent for the 1953–1955 term created a vacancy for the remainder of that term, and that the death of the person elected for the 1955–1957 term created another distinct vacancy for the term beginning January 3, 1955. The defendant contends that there was only one vacancy beginning when Mrs. Oakes was appointed to fill the unexpired portion of the 1953–1955 term, and extending until the end of the term to which Mr. Oakes had been elected in November, 1954. Plaintiff claims that a second vacancy occurred by the death of Mr. Oakes.

Defendant cites the case of Wooten v. State ex rel. Butler, 204 Okl. 423, 230 P.2d 889. There the appointing authority for a county office held that a vacancy existed where the person elected to such office

failed to qualify prior to the expiration of the time provided within which such person should qualify, which was 10 days from the commencement of a two year term beginning July 4, 1949, and expiring July 15, 1949. The appointing authority met on July 5, 1949, and found that the person elected had not qualified, declared a vacancy and appointed another person to fill the alleged vacancy.

The trial court found that no vacancy existed when the appointment was made and no authority existed in the appointing authority to make an appointment to fill a vacancy that did not exist. This Court affirmed the trial court's judgment and held that no vacancy could exist until the expiration of the time granted by law for qualification of the party elected. The only other point decided in the Wooten case was as to the right of a county attorney to prosecute in the name of the State an action to oust a party who has unlawfully usurped a county office. This decision is not applicable to the facts before us.

Both plaintiff and defendant cite the case of Allison v. Massey, 108 Okl. 140, 235 P. 192. However, section 3.1, 51 O.S.1951, was enacted after the Allison decision, which was in 1925. Section 3.1 was enacted April 28, 1945, S.L.1945, pages 153–154. In the Allison v. Massey case, supra, it was held that when one is duly elected a county commissioner but dies before he qualifies and before the time arrives for the time to qualify and assume the duties of the office, " * * * the term of the incumbent continues, and there is no authority of law for the Governor to appoint a successor to the person who died."

█ It is error to assert, as does the defendant here, that Section 131, subsection (C), 19 O.S.1951, amended in the Laws of 1947, and providing generally that in the general election of 1948 each county shall elect three county commissioners for terms beginning on the first Monday of July, 1949, and ending on the first Monday of January, 1951, " * * * and until their successors are elected and qualified" and further providing that " * * * that nothing in this Act shall be construed to abridge the term of office for which any County Officer in this State may have been elected under the provisions of any prior enactment", supersedes the plain provisions of section 3.1, 51 O.S.1951, with respect to vacancies occurring because one elected to office dies prior to his qualifying and assuming the duties of the office.

An examination of 19 O.S.1951.§ 131(C) shows that it contains the provision retained in the amending Act of 1947, to wit: that the terms of county commissioners should continue "until their successors are elected and qualified." This provision was not newly enacted in the 1947 Act mentioned but was an amendment to a section of our Statutes which is first found in Revised Laws 1910, § 1548, and which has always carried the statement "until their successors are elected and qualified."

In 82 C.J.S., Statutes, § 384, page 903, it is said:

" * * * where an amendatory act provides that an existing statute shall be amended to read as recited in the amendatory act, such portions of the existing law as are retained, either literally or substantially, are regarded as a continuation of the existing law, and not as a new enactment. * * . * "

█ Furthermore, both section 3.1, 51 O.S.1951, and section 131(C), 19 O.S.1951, appear in Oklahoma Statutes of 1951, re-adopted by the Legislature as a revision in 1953, Ch. 5, 75 O.S.1951, page 426, S.L. 1953. In discussing Lawyer v. Crowe Coal Co., 196 Okl. 465, 166 P.2d 1009, 175 P.2d 79, it is stated in 82 C.J.S., Statutes, § 385, that:

"All the different parts of the revision or code, particularly those parts which relate to the same subject, must be construed together with a view to harmonizing them, if possible, and giving effect to each. * * * "

█ Should it be held that section 131(C), supra, means that a county commissioner in office could hold office until a person is elected to succeed himself, then section 3.1, 51 O.S.1951, and section 8, 51 O.S.1951, specifying certain other facts which create vacancies in office, would practically be nullified. We do not believe

that the Legislature had any such intention. The well established rule of construction, as expressed in the first and fourth paragraphs of the syllabus of Board of County Commissioners of Creek County v. Alexander, 58 Okl. 128, 159 P. 311, is as follows:

"It is a cardinal rule in the construction of statutes that the intention of the Legislature, when ascertained, must govern, and that to ascertain the intent, all the various provisions of legislative enactments upon the particular subject should be construed together and given effect as a whole.

"When it is apparent that a strict interpretation of a particular statute, construed alone, would defeat the intention of the Legislature as shown by other legislative enactments, which relate to the same subject, and which have been enacted in pursuance of, and according to a general purpose in accomplishing a particular result, such construction should not be adopted."

Section 15, 51 O.S.1951, provides that an appointed officer shall hold his office until the end of the term for which the officer whom he succeeds was elected or appointed, and until his successor is elected and qualified. This statute was also enacted prior to the enactment of 51 O.S.1951 § 3.1, and we do not deem a second discussion necessary after what has been said relative to the enactment of section 131(C), 19 O.S.1951.

The defendant also cites State ex rel. McIntosh v. Perkins, 35 Okl. 317, 129 P. 730, and Whaley v. Cotton, 114 Okl. 274, 246 P. 629. Those cases like Allison v. Massey, supra, were decided prior to the enactment of section 3.1, 51 O.S.1951. In 1946, after the enactment of section 3.1, this Court decided Thomas v. Wagoner, 197 Okl. 662, 174 P.2d 231. That case involved a "tie vote" between one in office and an opponent for city councilman of Claremore, Oklahoma. R. L. Thomas had been in office from 1944 and in 1946, he was again a candidate. He and A. L. Wagoner received the same number of votes.

It was held that since the incumbent, Thomas, was not defeated he should hold office until a successor was elected and qualified. The syllabus in that case decides only that the method provided by 26 O.S. 1941 § 113, for the selection of a nominee in case of a tie vote does not apply in primaries to select candidates for city and town offices.

Section 3.1, 51 O.S.1951, as enacted in 1945, providing for filling a vacancy in a public office, including that of county commissioner, where one elected dies prior to having qualified and assumed the duties of the office, is the first statute enacted in Oklahoma covering this particular situation. We think it would be unreasonable to assume that it was the intention of the Legislature that such clearly expressed directions be ignored and effect given to statutes relative to filling vacancies in county offices, especially, when such provisions had been long in effect when section 3.1 was enacted in 1945.

We are not inclined to consider the decisions of the courts of other states unless there should be a showing that the statutes in such states are similar to ours and enacted as ours have been.

Mrs. Olen May Oakes was expressly appointed to serve out the unexpired term of Mr. Oakes, and we think the plain provisions of section 3.1, 51 O.S.1951, should prevail and that Mrs. Oakes should surrender the office of County Commissioner, District No. 3, Delaware County to Ed C. Ferguson, and it is so ordered.

WILLIAMS, V. C. J., and CORN, BLACKBIRD and JACKSON, JJ., concur.

JOHNSON, C. J., and WELCH and DAVISON, JJ., dissent.