Capitol Fund Requirements -Sales — Additional Insurance Title 36 O.S. 610 [36-610] (1968) in amending 36 O.S. 610 [36-610] (1961), listed the same kinds of insurance and increased the amount of capital or surplus required while 36 O.S. 612 [36-612] (1961), was amended to increase from $50,000 to $100,000 the amount for each combination of insurance kinds. 36 O.S. 612.1 [36-612.1] (1961), provides for the capital or surplus required for "noncancellable or guaranteed renewable accident and health policies." The enactment of 36 O.S. 610 [36-610] and 36 O.S. 612 [36-612] (1968), did not expressly or impliedly repeal 36 O.S. 612.1 [36-612.1] (1961). The Attorney General has had under consideration your letter of January 23, 1968, requesting an opinion on the following question: Did the Oklahoma Legislature in 1967 by enacting Senate Bill No. 144, amending 36 O.S. 610 [36-610] and 36 O.S. 612 [36-612] (1961), impliedly repeal 36 O.S. 612.1 [36-612.1] (1961)? The Oklahoma Insurance Code was enacted in House Bill No. 501, O.S.L. 1957, page 215, and later codified as 36 O.S. 101-5005 [36-101-5005]. Included in this 1957 Insurance Code we find a Section 36 O.S. 610 [36-610], a Section 36 O.S. 612 [36-612], and a Section 612.1. 36 O.S. 610 [36-610] (1961), provided that an insurer must maintain a paid-in capital stock or surplus in accord with a schedule listed therein which gave a dollar amount for each kind of insurance listed. 36 O.S. 612 [36-612] (1961), provided that an insurer may transact combinations of kinds of insurance if they maintain additional paid-in capital stock or surplus funds in the amount of $50,000 for each combination in addition to the amount listed in Section 610 allowing certain exceptions. Section 36 O.S. 612.1 [36-612.1] provides as follows: "No insurer organized or authorized to write noncancellable or guaranteed renewable accident and health policies in any state shall be licensed to do business in this state unless the insurer possesses and maintains a surplus as regards policyholders in excess of One Million Dollars ($1,000,000.00)." Senate Bill No. 144, chapter 231, O.S.L. 1967, page 356 (now codified as 36 O.S. 610 [36-610] (1967) and Section 36 O.S. 612 [36-612]) contains four sections. Section 1 of Senate Bill No. 144 expressly amended 36 O.S. 610 [36-610] (1961), while Section 2 expressly amended 36 O.S. 612 [36-612] (1961). Section 3 repealed any other acts in conflict with Senate Bill 144 and Section 4 is the severability clause. Essentially, Senate Bill No. 144 in amending 36 O.S. 610 [36-610] (1961), listed the same kinds of insurance and increased the amount of capital or surplus required while 36 O.S. 612 [36-612] (1961), was amended to increase from $50,000 to $100,000 the amount for each combination of insurance kinds. In essence, Senate Bill No. 144 does nothing more than increase the dollar amount for the capital or surplus necessary for certain kinds of insurance transactions. 36 O.S. 612 [36-612],1, provides for the capital or surplus required for "noncancellable or guaranteed renewable accident and health policies." It will be noted that "noncancellable or guaranteed renewable accident and health" insurance is not mentioned in 36 O.S. 610 [36-610] (1961), or Section 36 O.S. 612 [36-612], nor is such language found in Senate Bill No. 144. 82 C.J.S., Statutes, Section 384, page 903, states: "Where an amendment leaves certain portions of the original act unchanged, such portions are continued in force, with the same meaning and effect they had before the amendment." 82 C.J.S., Statutes, Section 386, page 915, states: "Where an act repeals a prior act, or certain sections of a prior act, all other prior acts or sections of the act must be regarded as still in force; . . ." State v. Oakes, Okl.,281 P.2d 749, held: "It is a cardinal rule in the construction of statutes that the intention of the Legislature, when ascertained, must govern, and that to ascertain the intent all the various provisions of legislative enactments upon the particular subject should be construed together and given effect as a whole." Senate Bill No. 144 did not expressly repeal 36 O.S. 612.1 [36-612.1] (1961), and we find no difficulty in construing Senate Bill No. 144 and Section 36 O.S. 612.1 [36-612.1] together and giving effect to each. It is elementary that repeal by implication is not favored. Ritchie v. Raines, Okl. Cr.,374 P.2d 772, held: "4. Repeal by implication is not favored and will not be upheld in doubtful cases. "5. Repeal by implication exists in two classes of cases; First, when the later statute covers the whole subject-matter of the earlier, especially when additional remedies are imposed; and, second, when the later is repugnant to or inconsistent with the earlier. "6. To effect a repeal by implication, the later must be so broad in its scope and so clear and explicit in its terms as to show that it was intended to cover the whole subject-matter, and displace the prior statute, or the two must be so plainly repugnant and inconsistent that they cannot stand together." Senate Bill No. 144 did not cover "noncancellable or guaranteed renewable accident and health policies" which are the subject-matter of 36 O.S. 612.1 [36-612.1] (1961). We find no intent to displace Section 612.1. Nor is there any conflict between Section 612.1 and Senate Bill No. 144. In the absence of a conflict we come to the inescapable conclusion that the provisions of Senate Bill No. 144 and 36 O.S. 612.1 [36-612.1] (1961), must be given effect together. Therefore, it is the opinion of the Attorney General that the enactment of Senate Bill No. 144, now codified as 36 O.S. 610 [36-610] (1967) and Section 36 O.S. 612 [36-612], did not expressly or impliedly repeal 36 O.S. 612.1 [36-612.1] (1961). (Penn Lerblance)