County Assessor — Real Estate Appraisers — Contracts The County Assessor may contract with private real estate appraisers as individuals to assist him in the re-evaluation of property program under authority of 68 O.S. 2481.7 [68-2481.7] (1968), so long as he has prepared a budget including amount to cover such contract and submitted it to the County Excise Board and this Board has authorized the amount. The Board of County Commissioners may not contract with private real estate appraisers to assist the County Assessors in the re-evaluation program. The Attorney General has had under consideration your letter of September 23, 1968, wherein you ask the following questions: "(1) By virtue of the provisions of 68 O.S. 2481.8 [68-2481.8] (1968), may the County Assessor appoint private real estate appraisers, to be compensated as provided by the contract as approved by the Board of County Commissioners for the purpose of assisting the Assessor in performing the duties imposed upon him by the provisions of 68 O.S. 2481.1 [68-2481.1] (1968) et seq.? "(2) In the event Section 2481.8, supra, does not so provide, does the Board of County Commissioners have the power to enter into a contract with a private real estate appraisal firm to assist the county assessor in performing abnormal duties imposed upon his office by law, which duties require technical and special training ability and experience?" Title 68 O.S. 2481.1 [68-2481.1] through 68 O.S. 2481.11 [68-2481.11] [68-2481.11] (1968) is an act relating to a comprehensive program of revaluation of taxable property for ad valorem tax purposes. This is to be a special program of revaluation. Sections 68 O.S. 2481.3 [68-2481.3] and 68 O.S. 2481.4 [68-2481.4] provide for a special budgeting procedure to cover the expenses of this program. Section 68 O.S. 2481.3 [68-2481.3] provides: "Each county assessor in budgets hereafter submitted shall make adequate provision to effect county-wide revaluations as herein directed. The several County Excise Boards, in passing upon budgets submitted by the several assessors, shall authorize and levy amounts which in the judgment of the board will suffice to carry out the directions of this act." Section 68 O.S. 2481.4 [68-2481.4] provides: "The cost of the comprehensive program of revaluation shall be paid by those who receive the revenues of the mill rates levied on the property of the county in the following manner: The county assessor shall prepare a special budget for such comprehensive program of revaluation and file the same with the county equalization and excise board. . ." The County Assessor may request special assistance from the Oklahoma Tax Commission to assist in performing the abnormal duties. Section 68 O.S. 2481.5 [68-2481.5] provides: "Any county assessor may request special assistance from the Oklahoma Tax Commission in the valuation of property which requires specialized knowledge not otherwise available to the assessor's staff. Upon approval of such request, the Oklahoma Tax Commission may assist the assessor in the valuation of such property in such manner as the Oklahoma Tax Commission, in its discretion, considers proper and adequate." Section 68 O.S. 2481.7 [68-2481.7] provides: "Any assessor who deems it necessary to enable him to complete the listing and the valuation of the property of his county within the time prescribed by law, (1) may appoint one or more well-qualified citizens of his county to act as his assistants or deputies; and each assistant so appointed shall, under the direction of the assessor, after taking the required oath perform all the duties enjoined upon, vested in, or imposed upon assessors." (Emphasis added) This section authorizes the County Assessor to appoint well qualified citizens to act as his assistants. A private real estate appraiser may be a "well-qualified citizen" within the meaning of this statute. The section gives the County Assessor authority to contract with private real estate appraisers. You refer to the hiring of real estate firms. This section limits those appointed to individual citizens. The Legislature intended that those appointed take the oath of office and be individually responsible for actions while assisting the County Assessor. A firm could not comply with these requirements. Section 68 O.S. 2481.8 [68-2481.8] provides: "Appraisers whose services may be obtained by appointment by the assessor or who may be assigned by the Oklahoma Tax Commission, upon request of the county assessor, to assist any county assessor shall act in an advisory capacity only, and valuations made by them shall not be binding upon the assessor, it being the intent herein that all valuations made pursuant to this act shall be made and entered by the assessor pursuant to law as directed herein." (Emphasis added) You question whether this section confers authority for a County Assessor to contract with private real estate appraisers. There is some ambiguity as to whether this statute confers additional authority to appoint appraisers when it states, "Appraisers whose services may be obtained by appointment by the assessor . . .", or whether this statement is merely referring to those "well qualified citizens" appointed as assistants under authority of Section 68 O.S. 2481.7 [68-2481.7]. In construing statutes, intention of the Legislature must govern, and to ascertain such intent, all provisions of legislative enactment upon a particular subject should be construed together and given effect as a whole. State ex rel. Hampton v. Oakes, Okl., 281 P.2d 749
(1955). The word "appraisers" is used for the first time in Section 2481.8. The word "appraisers" as used in this section applies to those assigned to the County Assessor by the Oklahoma Tax Commission and those persons appointed by the County Assessor. The sections immediately preceding Section 68 O.S. 2481.8 [68-2481.8] concern assistance from the Oklahoma Tax Commission and the appointment of well qualified assistants by the County Assessor, who could, as discussed above, include appraisers. Since the word "appraisers" relates back to assistants assigned by the Oklahoma Tax Commission, where the word appraisers was not used it would also be reasonable to interpret this section as referring to those assistants appointed by the County Assessor under authority of Section 68 O.S. 2481.7 [68-2481.7], even though the word "appraisers" is not used to describe "the well-qualified citizens" referred to therein. Another rule of construction states that when there is ambiguity in a statute, reference may be made to the title of the act to discover the intent of the Legislature. In the case of Poafpybitty v. Skelly Oil Co., Okl., 394 P.2d 515, the court states: ". . . In view of our constitutional provision requiring that the subject of a legislative Act shall be clearly expressed in its title, Article V, Section 57 Okl. Const., the Legislature is bound by its selection of a restrictive title and such title has the effect of limiting the text of an Act. The title itself will be construed with reference to the language employed in it alone and not in the light of what the body of the Act contains. Excise Board of Washita County v. Lowden,189 Okl. 286, 116 P.2d 700, 702." The title to this Act states: "An Act relating to the valuation of property for ad valorem tax purposes; . . . authorizing county assessors to request assistance from Oklahoma Tax Commission and authorizing the Oklahoma Tax Commission to render assistance; . . . authorizing county assessors to appoint assistants: . . ." There is no mention of authority to appoint appraisers in addition to the appointment of the assistants. Therefore, the words in Section 68 O.S. 2481.8 [68-2481.8] should be construed to refer to those appraisers appointed as assistants by the County Assessor under Section 2481.7. Thus the County Assessor may contract with private real estate appraisers as individuals to assist him in the revaluation program under 68 O.S. 2481.7 [68-2481.7]. Any proposed contract would be included as part of the budget submitted to the County Excise Board who authorize the amounts necessary to carry out the directions of the Act. There is no necessity of having the Board of County Commissioners pass on expenditures for this program. In answer to your second question, since the County Assessor has the duty to direct the complete revaluation program, and has authority to hire those persons necessary to aid him in completing this program, the Board of County Commissioners may not contract with a real estate firm to provide appraisers to assist the County Assessor in performing the revaluation. In the case of Board of Commissioners of Tulsa County v. Johnson, 192 Okl. 203, 134 P.2d 335, the court states that a contract entered into by the county commissioners to perform services which services are by law required to be performed by another county officer is ultra vires and void. Also this program of revaluation is to be directed by the County Assessor with financing and authorization of money to be passed on by the County Excise Board. See Sections 2481.3 and 2481.4. The Board of County Commissioners plays no direct part in this program. Thus, it is the opinion of the Attorney General that the County Assessor may contract with private real estate appraisers as individuals to assist him in the revaluation of property program under authority of 68 O.S. 2481.7 [68-2481.7] (1968), so long as he has prepared a budget including amounts to cover such contracts and submitted it to the County Excise Board and this board has authorized the amount. The Board of County Commissioners may not contract with private real estate appraisers to assist the County Assessors in the revaluation program. Insofar as any part of this opinion may be deemed to be in conflict with Opinion No. 68-306 — 68-330 governs. (Prudence Little) ** SEE: OPINION NO. 80-269, 80-295 (1980) ** ** ABOVE OPINION WITHDRAWS THIS CITED OPINION **