Political Parties — Contributions Expenditures — Reports A county central committee is a "political party" as defined in 26 O.S. 423.2 [26-423.2] (1968) and is required by Section 26 O.S. 423.3 [26-423.3], supra, to report contributions. County central committees should file reports of contributions and expenditures required by Section 26 O.S. 423.6 [26-423.6], supra, and designations (appointments) of agents and subagents required by Section 423.6, supra, as follows: (a) with the State Election Board with reference to candidates for state office; (b) with the appropriate county election board with reference to candidates for local offices, and (c) other contributed funds may be allocated as appropriate and reported to the proper election board. The Attorney General has had under consideration your letter of November 19, 1968, wherein you ask as follows: "1. Are county central committees 'political parties' as defined in the Act? Political Contributions and expenditures Act (26 O.S. 423.1 [26-423.1] — 26 O.S. 423.10 [26-423.10]). "2. If the answer to No. I is in the affirmative, should said committees file the required appointments and reports with the County Election Board or the State Election Board?" O.S.L. 1968, ch. 403, Section 2 (26 O.S. 423.2 [26-423.2] (1968)) provides in part as follows: "In this Act unless the context otherwise requires . . . (i) 'political party' means any organized group of the electorate, which attempts to elect its candidates to office. . . ." While a county central committee is an organized group of the electorates which attempt to elect its candidates to office, it is also a part of the whole structure of its parent political organization. O.S.L. 1968, ch. 403, Section 3 (26 O.S. 423.3 [26-423.3]) provides in part: ". . . (c) . . . every political party which receives a contribution . . . shall file a written report thereof as hereinafter provided . . ." It is therefore the opinion of the Attorney General that your first question should be answered in the affirmative. A county central committee is a "political party" as defined in O.S.L. 1968, ch. 403, Section 2 (26 O.S. 423.2 [26-423.2]), and is required by O S.L. 1968, ch. 403, Section 2 (26 O.S. 423.3 [26-423.3] (1968)) to report contributions. O.S.L. 1968, ch. 403, Section 6 (26 O.S. 423.6 [26-423.6]) provides in part as follows: "The reports of contributions and expenditures required by this Act shall be filed with the election board within the times hereinafter set forth . . ." O.S.L. 1968, ch. 403, Section 4 (26 O.S. 423.4 [26-423.4]) provides in part as follows: ". . . (b) . . . The designations appointments of agents and subagents shall be made in writing filed with the election board upon forms prescribed by the secretary of the State Election Board. . . ." The above quoted sections used the term "election board" without specifying whether the same shall be the State Election Board or the appropriate county election board. O.S.L. 1968, ch. 403, Section 2 (26 O.S.Supp. 1968 Section 423.2[26-423.2] [26-423.2]) provides in part as follows: "In this Act unless the context otherwise requires . . . (f) 'election board' means the State Election Board in reference to a candidate for a state office or the appropriate county election board in reference to a candidate for local office. . . ." Considering the definition of "election board", it appears the State Legislature intended that such reports and designations regarding candidates for state offices are to be filed with the State Election Board and such reports and designations regarding candidates for local offices are to be filed with the appropriate county election board. In construing statutes, the intention of the Legislature, once ascertained, must govern, and to ascertain such intent all provisions of legislative enactment upon a particular subject should be construed together and given effect as a whole. State ex rel. Hampton v. Oakes, Okl.,281 P.2d 749 (1955). It is therefore the opinion of the Attorney General in answer to your second question that county central committees should file reports of contributions and expenditures required by O.S.L. 1968, ch. 403, Section 6 (26 O.S. 423.6 [26-423.6] (1968)) and designations appointments of agents and subagents required by O.S.L. 1968, ch. 403, Section 4 (26 O.S. 423.4 [26-423.4] (1968)) as follows: (a) with the State Election Board with reference to candidates for state office, (b) with the appropriate county election board with reference to candidates for local office, (c) other contributed funds may be allocated as appropriate and reported to the proper election board. (W. Howard O'Bryan Jr.) ** SEE: OPINION NO. 69-334 (1969) **