RECORDING OF STATEMENTS CONCERNING REAL ESTATE IN COUNTY SITUATED Financing statements, continuation statements, termination statements or assignments or releases of financing statements containing adequate legal descriptions of real estate should be accepted for recording and indexing in the tract indexes of the county wherein the real estate is situated even though such instruments may not be acknowledged. The Attorney General has had under consideration your recent letter in which you state: "This is to request an opinion advising us whether Senate Bill No. 232 amending 12A O.S. 2702 [12A-2702] (1961) 9401 has the effect of impliedly repealing 16 O.S. 26 [16-26] to the extent that a Financing Statement, Continuation Statement, Termination Statement or Assignment or Release of a Financing Statement containing an adequate legal description shall be recorded by the County Clerk without being acknowledged in substantial compliance with Title 16." Title 16 O.S. 26 [16-26] (1961), states: "No deed, mortgage or other instrument affecting the real estate shall be received for record or recorded unless executed and acknowledged in substantial compliance with this chapter; and the recording of any such instrument not so executed and acknowledged shall not be effective for any such purpose." O.S.L. 1970, ch. 246, 7, provides: "It shall be the duty of the county clerk to cause all such financing statements, termination statements, or assignments or releases of financing statements containing an adequate legal description to be recorded and indexed in the records of said office in the same place and manner as a mortgage on real estate or assignment or release thereof." There is no requirement anywhere in the Oklahoma Statutes for instruments such as mentioned in Section 7, just quoted, to be acknowledged. To the extent that one statute requires deeds, mortgages and other instruments affecting real estate to be acknowledged and the other imposes the duty on county clerks to record certain Uniform Commercial Code instruments without requiring that said instruments be acknowledged, the two statutes may be in conflict. Acknowledgment is a ceremonial wholly of statutory origin; it is unknown at common law. 1 Am.Jur.2d Acknowledgments, 1. It being wholly statutory, the Legislature may require it, determine its form or dispense with it altogether as it sees fit. The new statute is a part of the Uniform Commercial Code and as such is to be liberally construed and applied. This type of construction and application and the reasons for it are explained in the Code itself in 12A O.S. 1-102 [12A-1-102] (1961): "(1) This Act shall be liberally construed and applied to promote its underlying purposes and policies. "(2) Underlying purposes and policies of this Act are: "(a) to simplify, clarify and modernize the law governing commercial transactions, " (b) to permit the continued expansion of commercial practices through custom, usage and agreement of the parties, (c) to make uniform the law among the various jurisdictions." Sections of the Code other than the one under consideration here clearly express the idea that the Code is getting away from formal filing requisites. A good example is the provision pertaining to filing security agreements which would have been covered under chattel mortgage or conditional sales acts prior to the adoption of the Code. What now is required to be filed is not, as under chattel mortgage and conditional sales acts, the security agreement itself, but only a simple notice which may be filed before the security interest attaches or thereafter. Such chattel mortgages formerly had to be acknowledged or witnessed but this requirement has now been dispensed with under the Code. We think it is clear it is the intent of the Legislature for the Uniform Commercial Code to be liberally construed and to the extent that it is necessary to carry out the expressed provisions of the Code, earlier, inconsistent statutes such as 16 O.S. 26 [16-26] (1961), supra, will be construed as being impliedly repealed. See Poafbitty v. Skelly Oil Company, Okl., 394 P.2d 515, 519 (1964) where the Court stated: "Where there are two or more acts or provisions of law relating to the same subject, effect is to be given to both, if that be practicable, but, if a repugnancy exists between such provisions, the more recent act which is the latest expression of the legislative will, will operate as a repeal of the former to the extent of the repugnancy." It being the expressed intent of the Legislature to give the Code a liberal construction, such intent and general purpose should be given effect where possible. State v. Oakes, Okl., 281 P.2d 749 (1955). It is therefore the opinion of the Attorney General that insofar as the provisions of 16 O.S. 26 [16-26] (1961) and O.S.L. 1970, ch. 246, may be in conflict, O.S.L. 1970, ch. 246, should prevail. Therefore county clerks should accept and make filings involving real estate under the Uniform Commercial Code even though such filings may not be acknowledged. (Norman Cannon)