** Summary ** COMMUNITY JUNIOR COLLEGES — ISSUANCE OF REVENUE BONDS 1. Community junior college bond issues conducted pursuant to the authority of 70 O.S. 4015 [70-4015] (1971), should comply with Sections 4001 through 4014 insofar as those sections are not in conflict with the terms of Section 4015. 2. Generally all of the Sections 4001 through 4014 are applicable to Section 4015 bonds, except the provisions of Section 4001; and specified portions of Sections 70 O.S. 4006 [70-4006] and 70 O.S. 4007 [70-4007], more particularly, enumerated and discussed herein. 3. The State Treasurer is not the proper depositor of community junior college revenue bond proceeds. Sections 4006 and 4007 are applicable with the designation of the community junior college treasurer as the official depositor of funds in lieu of the State Treasurer. Also, the appropriate community junior college official is substituted for the State Auditor in Section 4006. 4. The Attorney General designates the guidelines delineated in Article X of Title 70, Revenue Bonds, as the procedures to be followed in the issuance of community junior college revenue bonds. The Attorney General has considered your letter of January 11, 1972, wherein you request the Attorney General to prescribe the procedures for the issuance of revenue bonds, pursuant to 70 O.S. 4015 [70-4015] (1971). In so doing you posed the following questions: "1. Do the provisions of 70 O.S. 4001-4014 [70-4001-4014] (1970) apply to the issuance of bonds by a community junior college pursuant to Section 4015 except insofar as those provisions are in conflict therewith? "2. If the answer to the first question is in the affirmative, which provisions of Sections 4001-4014 are in conflict with Section 4015? "3. If the answer to the first question is in the affirmative, is the State Treasurer the proper depository for the bond proceeds and the revenues from the self-liquidating project under Sections 4006 and 4007 respectively, or should the official treasurer of the particular community junior college be substituted for the State Treasurer in those sections? "4. What procedure should be followed in the issuance of revenue bonds by community junior colleges pursuant to Section 4015?" The authority for the issuance of revenue bonds by community junior colleges to finance the construction of social and recreational centers is found in 70 O.S. 4015 [70-4015] (1971), which reads: "A. The Board of Trustees of any community junior college operating under the provisions of Sections 70 O.S. 4401 [70-4401] through 70 O.S. 4418 [70-4418] of Title 70, O.S., may construct a building for use as a social and recreation center for the students and members of the faculty of the college, including lounges, meeting rooms, game rooms, bookstores, eating places and other facilities for the comfort, convenience and welfare of students and faculty members, and issue revenue bonds to pay the cost of constructing, equipping and furnishing the building. The Board of Trustees shall adopt rules and regulations for the use of the building and the operation of the center and facilities thereof; and may do all things necessary or convenient to make the center effective for the purposes for which it is maintained or operated. "B. Issuance of the revenue bonds shall be in accordance with procedures prescribed by the Attorney General. The bonds shall be special obligations, payable solely from revenues designated by the Board of Trustees, which may, subject to the approval of the Oklahoma State Regents for Higher Education, include fees and charges collected from students in attendance at the college, and income derived from operations of facilities of the center. Provided, such building shall not be constructed nor shall any revenue bonds be issued unless the Oklahoma State Regents for Higher Education shall have determined that the projected revenue will satisfy the financial obligation to be incurred under the proposed bond issue." Logically, the Legislature contemplated the procedures delineated in Sections 4001-4014 to furnish guidelines for the issuance of revenue bonds by community junior colleges, as the authority for such issues is found and included in Article 10 entitled "Revenue Bonds." Further, Article 10 prescribes the procedures for the issuance of revenue bonds by State Education Institutions, and with the addition of Section 4015 in 1971, authorizing community junior colleges to make issues, Article 10 embraces all provisionS for revenue bonds found in Title 70, Schools. Consequently, it appearing that the Legislature has spoken and for the most part outlined the desired procedures for revenue bond issues in 1965, it should directly follow that the newly adopted procedures for community junior colleges should be congruent with Article 10 direction. As a question of law, Section 4015 was codified as the last section of Article 10 dealing with revenue bonds by various educational institutions. Again, the legislative intent must be found to be that the substantive provisions of Article 10 apply to all revenue bonds issued pursuant to Section 4015, even if it be considered that a community junior college is not a State Educational Institution as is the apparent holding in Oklahoma Attorney General's Opinion No. 68-363, dated January 3, 1969. Attorney General's Opinion No. 70-266, dated August 21, 1970, construed the application of 70 O.S. 4401 [70-4401] (1969), et seq., and found that Boards of Trustees of community junior colleges may not issue revenue bonds pursuant to those provisions, for reason that the language of Sections 4001-4013 authorizes only "Boards of Regents" of educational institutions in the State to issue revenue bonds; thereby the author of Opinion No. 70-266 concluded that "Boards of Trustees" of community junior colleges could not issue such bonds. Notwithstanding that opinion, it is now clear that the legislative intent of Section 4015, enacted in 1971, was to provide community junior colleges with the authority to issue such revenue bonds. By including Section 4015 which became effective in 1971 in Article 10 of Title 70 of the Oklahoma Statutes, the legislative intent is clear that the provisions of Sections 4001 through 4014 should apply to revenue bonds issued pursuant to Section 4015. The legislative intent that Section 4001-4014 apply to community junior college revenue bond issues is further evidenced by a reading of Section 4003 which provides: "No provisions of this Article shall be construed to authorize the pledging or use of revenue of existing buildings and facilities other than auxiliary enterprises and other self-liquidating buildings and facilities, nor shall any provisions of this Article be construed to authorize the pledging or use of any revolving funds. No bonds issued under the authorization of this Article shall ever become an obligation or debt of the State of Oklahoma." (Emphasis added) Additional references to "Article" can be found in Sections 4009 and 4013, which read respectively: "Any bank, trust or insurance company organized under the laws of Oklahoma may invest its capital, surplus and reserves in bonds issued under the provisions of this Article." (Emphasis added) "The Board of Regents which by the Constitution and/or by the laws of this State is charged with the control, management and government of one or more of the universities, colleges, schools or institutions of higher education shall have for each of the universities, colleges, schools and institutions under its jurisdiction, exclusive determination of need, control and management of all self-liquidating revenue bond matters as provided for in this Article. " (Emphasis added) We must assume that the Legislature was aware and fully advised of the numbered references to "Article" throughout Article 10, and therefore we must assume that the Legislature advisedly included Section 4015 therein. It is a well accepted rule of statutory construction that all of the statutes on a particular subject matter must be construed together in order to find legislative intent. Oklahoma has adopted this rule; one such case is State v. Oakes, Okl.,281 P.2d 749 which restates the rule as follows: "It is the cardinal rule in the construction of the statutes that the intention of the Legislature, when ascertained, must govern it, and that to ascertain the intent, all the various provisions of legislative enactments on a particular subject should be construed together and give an effect as a whole. "When it is apparent that a strict interpretation of a particular statute, construed alone, would defeat the intention of the Legislature as shown by other legislative enactments, and according to a general purpose in accomplishing a particular result, such construction should not be adopted." Clearly the legislative intent of Section 4015 was to provide that community junior colleges could issue and sell revenue bonds for the purpose of constructing buildings for use as social and recreational centers for both students and faculty members. Accordingly, the substantive provisions found within Sections 4001 through 4014 of Article 10, not in conflict with the specific provisions of Section 4015, should be applied to Section 4015. Applying this rationale, we answer your first question in the affirmative. Community junior college revenue bond issues, conducted pursuant to the authority of Section 4015, should comply with Sections 4001 through 4014 insofar as those sections are not in conflict with the terms of Section 4015. Your second question asks specifically which provisions of Sections 4001 through 4014 are in conflict with Section 4015. In order to evaluate the applicability of and consistency of each of Sections 4001 through 4014, each section is discussed, as follows: "Section 4001. The terms of subsection (a) are inconsistent with Section 4015. Section 4001 (a) provides for the issuance of bonds for constructing buildings to be used for diverse purposes, whereas Section 4015 relegates funds obtained through the issuance of revenue bonds to construction of social and recreational facilities. Accordingly, the terms of Section 4001 (a) would not apply to broaden the specific authorization of Section 4015. The provisions of subsection (b) with respect to the imposition of student fees is not applicable to bonds issued under Section 4015 as those fees are delineated in Section 4015, and it is further provided that such fees be approved by the Oklahoma State Regents for Higher Education. The provisions of subsection (b) dealing with the sale of surplus commodities is not applicable to Section 4015 as the buildings and functions contemplated by Section 4015 are not facilities that produce commodity surplusage. This portion of Section 4001 (b) obviously is in reference to subsection (a) authorization for the construction of a public utility plant. Section 4002. The provisions of Section 4002 enumerate the details of the proposed bond issue, including references to the negotiability of bonds, issuance of bonds, in one or more series, provision for maturity of bonds in a period of time not exceeding forty years, providing for a discretionary denomination of bonds, providing for coupon or registered bonds, providing for registration and conversion privileges as deemed advisable by the Board of Trustees, providing for and place of payment to be in the discretion of the Board of Trustees, providing for terms of redemption with or without premium in the discretion of the Board of Trustees, and providing for the payment of interest as well as the ceiling on interest at the rate of eight percent per annum, all as may be provided by resolution or resolutions adopted by the respective Board of Trustees should apply to bonds issued under Section 4015. These provisions are general in nature and necessary for the issuance of negotiable revenue bonds. Also, the restriction found in Section 4002 that bonds must be sold at not less than par plus accrued interest to date of delivery should apply to bonds issued under Section 4015. The provisions of Section 4002, subsection (b), providing for the issuance of one or more bonds and the provision that principal can be paid in installments as it may be considered desirable by the Board, providing that such bonds may be payable to bearer or otherwise registerable to principal or as to both principal and interest should apply to bonds issued under Section 4015. The provisions of Section 4002, subsection (c) providing that "bonds issued hereunder and interest thereon shall not be subject to taxation by the State of Oklahoma, or by any county, municipality, or political subdivision therein" also is applicable to bonds issued under Section 4015. The provisions of Section 4002, subsection (d), prescribing methods for the refunding of bonds is also applicable to bonds issued under Section 4015. The terms of Section 70 O.S. 4002 [70-4002] correspond with the terms of Section 4015, and therefore, should be adopted and incorporated into issues of revenue bonds made pursuant to Section 4015. Section 70 O.S. 4003 [70-4003]. The terms of Section 4003 prescribe the revenue that may be pledged to retire revenue bonds and provides specifically that no revolving fund of the institution may be pledged for the purpose of retiring bonds. This section also emphatically states that "no bond issued under the authorization of this article shall ever become an obligation or debt of the State of Oklahoma;" these provisions are consistent with and applicable to bonds issued under Section 4015. Section 70 O.S. 4004 [70-4004]. The provisions of Section 4004 further prescribing which revenues that can be pledged to the retirement of bonds and providing for various covenants running between the Board of Trustees and the bond holders should fully apply to bonds issued under Section 4015. Section 70 O.S. 4005 [70-4005]. The provisions of Section 4005 authorize the Board of Trustees to enter into any agreement or contract with the Federal Government to obtain grants to aid in paying the cost of construction, furnishing and equipping the buildings built pursuant to the issuance of bonds. Clearly, this section is applicable to bonds issued pursuant to Section 4015. In your third question you query as to the applicability of Sections 4006 and 4007; more particularly, should the official treasurer of the community junior college issuing bonds under Section 4015 be substituted for the State Treasurer as the depositor of the bond proceeds. Historically, community junior colleges have been the creation of local area development. Upon application the Oklahoma State Regents for Higher Education are directed by 70 O.S. 4402 [70-4402] (1971) to conduct a survey determining the need and feasibility for the establishment of a community junior college. The terms of 70 O.S. 4003 [70-4003] (1971) provide: "(a) If, after considering any such application, the State Regents determine as a result of a survey that there is a need for a community junior college in the community and that a junior college meeting the criteria and standards fixed by the State Regents can be maintained in the community, they shall issue a proclamation calling an election to be held in the community, to allow legal voters residing in the community to vote on the question of whether a junior college shall be established and maintained in the community. The State Election Board shall cause such election to be held in the same manner as elections on State questions and shall certify the results to the State Regents; and if a majority of the legal voters residing in the community, voting on the question, shall have voted in favor of establishing and maintaining the proposed junior college, the State Regents shall issue an order authorizing the junior college, designating the name by which it shall be known and describing the boundaries of the community in which the junior college will be established and maintained as set forth in the application. . ." Further, Section 70 O.S. 4404 [70-4404] provides that the Board of Trustees, the governing board of the respective community junior college, shall be composed of seven members who are qualified electors of the junior college district. Traditionally, the establishment and operation of community junior colleges has been a local undertaking; consequently, application of 70 O.S. 4006 [70-4006] and 70 O.S. 4007 [70-4007] (1971), designating the State Treasurer as the official depositor of state college and university funds is not in keeping with the legislative expression vesting control and operation of a community junior college with the locality. Considering also that the State Treasurer has not been directed by the Legislature to act as the treasurer for each community junior college, accordingly the treasurer of each community junior college should be the depositor of the construction accounts. The use of the State Treasurer as surrogate for the treasurer of the community junior college would effectually make the State Treasurer the treasurer for each community junior college; this is not the legislative intent of Section 4015. Therefore, Section 4006 is implicitly amended, for Section 4015 or community junior college bonds, to provide for the deposit of bonds proceeds with the official treasurer of the issuing community junior college. Also, the State Auditor — referred to in Section 4006 — should be replaced by an appropriate official of the college. Likewise, the provisions of Section 70 O.S. 4007 [70-4007] is implicitly amended to reflect that the duties of the treasurer be borne by the official junior college treasurer. The State Treasurer is not the proper depositor of the community junior college proceeds. The provisions of Sections 4006 and 4007 are effective, except that the official community junior college treasurer is the proper depositor in lieu of the State Treasurer, and the appropriate community Junior college official is substituted for the State Auditor in Section 4006. Returning to your second question as to the applicability of Sections 4001-4014 to bonds issued under Section 4015, we continue our numerical consideration of the remaining sections which provide, as follows: Section 4008. The provisions of Section 70 O.S. 4008 [70-4008] requiring approval by the Attorney General providing that after such approval and the passage of thirty days that such bonds should be incontestable should apply to bonds issued under Section 4015. Section 70 O.S. 4009 [70-4009]. The terms of Section 4009 provide that bonds issued hereunder shall be legal investments for public funds, and therefore this section should be applicable to bonds issued under Section 4015. Section 70 O.S. 4010 [70-4010]. The provisions of Section 4010 providing for interim financing together with the restrictions on such financing conferred by that section should apply to bonds issued under Section 4015 and the said restrictions should fully apply to the Board of Trustees in community junior colleges. Section 70 O.S. 4011 [70-4011]. The terms of Section 4011 providing for the approval of bonds by the Supreme Court should apply to bonds issued under Section 4015. Section 70 O.S. 4012 [70-4012]. The provisions of Section 4012 regarding the lease of buildings should apply to the Board of Trustees of community junior colleges, since, again these are general provisions and in no way limited to any particular governing board. Section 70 O.S. 4013 [70-4013]. The provisions of Section 4013 with respect to the control, management and government of the college insofar as self liquidating revenue bond projects are concerned should apply to 4015 bonds since such provisions and determinations by the governing board are necessary. Although, references to the Board of Regents should be implicitly amended to denote community junior college Boards of Trustees. Section 70 O.S. 4014 [70-4014]. The provisions of Section 4014 although specifically only applying to Sections 4001 through 4014 should be made to apply to the provisions of Section 4015. With respect to your fourth question asking what procedures should be followed in the issuance of revenue bonds by community junior colleges pursuant to Section 4015, the Attorney General prescribes the procedures presently followed in the issuance of revenue bonds under Title 70, Article 10 for the issuance of community junior college revenue bonds. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: 1. Your first question is answered in the affirmative; community junior college bond issues conducted pursuant to the authority of Section 4015, should comply with Sections 4001 through 4014, insofar as those sections are not in conflict with the terms of Section 4015. 2. Generally all of the Sections 4001 through 4014 are applicable to Section 4015 bonds, except the provisions of Section 4001; and specified portions of Sections 4006 and 4007, more particularly, enumerated and discussed herein. 3. Your third question asking whether the State Treasurer is the proper depositor of bond proceeds is to be answered in the negative. The State Treasurer is not the proper depositor of community junior college revenue bond proceeds. Sections 4006 and 4007 are applicable with the designation of the community junior college treasurer as the official deposit for of funds in lieu of the State Treasurer. Also, the appropriate community junior college official is substituted for the State Auditor in Section 4006. 4. With respect to your fourth question asking what procedures should be followed in the issuance of Section 4015 bonds; the Attorney General designates the guidelines delineated in Article X of Title 70, Revenue Bonds, as the procedures to be followed in the issuance of community junior college revenue bonds. (Michael D. Tinney)